GRIFFITH ET AL. *v.* BOURN ET AL.

[69 South. 177.]

APPEAL AND ERROR. *Appeal to settle principles of case.  Time for filing bond.  Statutes.*

Section 34, Code 1906, provides that an appeal from the overruling of a demurrer must be applied for, and bond given within ten days after the demurrer is overruled, if in term time.  Section 35 provides that an appeal to settle the principles of a case shall be applied for within ten days from the date of the order or decree complained of, and bond shall be given and approved as in appeals from a decree overruling a demurrer.  While the language of the two sections is somewhat different, the meaning is practically the same, and so an appeal under section 35 of the code to settle the principles of the case, must not only be applied for within ten days after date of the order or decree complained of, but the bond therefore must be given within the same time, and if this is not done the appeal will be dismissed.

APPEAL from the chancery court of Lawrence county.  HON. D. M. RUSSELL, Chancellor.

Suit by D. C. Griffth and others against J. J. Bourn and others.  From two interlocutory decrees, Griffth appeals to settle the principles of the case and Bourn moves to dismiss.  Motion sustained and appeal dismissed.

The facts are sufficiently stated in the opinion of the court.

*Mounger & Ford,* for the motion.

*Longino & Ricketts, G. Wood Magee* and *Hilton & Hilton,* opposed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from two interlocutory decrees, rendered in term time, for the purpose of settling the

principles of the case, and appellee now moves to dismiss on the ground that the appeal bond was not filed within ten days after the date of the decrees complained of.

One of the decrees appealed from was rendered on the 27th and the other on the 28th of January, 1915, on which last day an application for an appeal to this court from both decrees, in order to settle the principles of the case, was overruled in the court below. Afterwards such an appeal was granted by a member of the supreme court, and bond therefor was filed on February 15, 1915. The order of the judge of this court granting the appeal is not in the record, and a *certiorari* is requested by appellant directed to the clerk of the court below to certify it to the clerk of this court so that it may be incorporated in the record. It is stated by counsel for appellant that this order will disclose the application was made to the judge of this court, by whom an appeal was granted, on the ninth day after the rendition of the first, and on the tenth day after the rendition of the second, decree, and that the order was granted by him three or four days thereafter. The bond was filed several days after the granting of the appeal.

Under section 35 of the Code an appeal to settle the principles of the case must not only be applied for within ten days after the date of the order of the decree complained of, but the bond therefore must be given within the same time. It is the contention of counsel for appellant that while, under section 34, the appeal must be applied for and bond given within ten days after the demurrer is overruled, under section 35 it is only necessary that the appeal be applied for within ten days after the date of the order or decree complained of, and that the order granting the appeal may be made and the bond filed after the expiration of the ten days. In this we think counsel are in error. While the lan-

guage of the two sections is somewhat different, the meaning is practically the same. Section 34 provides that "such appeal must be applied for and bond given within ten days after the demurrer is overruled," while section 35 provides that "such appeal shall be applied for within ten days from the date of the order or decree complained of; bond shall be given and approved as in appeals from a decree overruling a demurrer." In order that a bond may be given as in appeals from a decree overruling a demurrer, it must be given within the time provided for the giving of bonds in such appeals; that is, within ten days after the date of the order or decree complained of.

It follows from these views that the bringing up from the court below of the order made by the judge of this court in granting the appeal would not change the situation; consequently the motion is sustained, and the appeal dismissed.

*Motion sustained.*

*Appeal dismissed.*