PERKINS ET AL *v.* STATE EX REL ROBERSON, Atty. Gen.

[91 South. 704.   No. 22557.]

APPEAL AND ERROR. *Where no appeal bond is given, the supreme court
will dismiss the appeal on its own motion.*

Where an appeal is granted by a chancery court from a decree
overruling a demurrer to a bill under the statute providing for

such appeals (section 34, Code 1906 [Hemingway's Code, section 9]). the bond provided by said statute must. be given by the party taking the appeal within ten days after such demurrer is overruled; and, if no bond whatever for appeal is given, the case is not transferred to the supreme court, and therefore that court is without jurisdiction, and will dismiss such appeal on its own motion.

APPEAL from chancery court of Harrison county.

HON. CLAYTON D. POTTER, Special Chancellor.

Bill by the state of Mississippi, on the relation of Frank Roberson, attorney-general, against R. R. Perkins, and others. Decree for plaintiffs, and defendants appeal. Appeal dismissed.

*Gex, Waller & Morse,* for appellants.

*Roberson & Yerger,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, the state of Mississippi, ex rel. Frank Roberson, attorney-general, filed its bill in the chancery court of Harrison county against appellants, R. R. Perkins and others. Appellants interposed a demurrer to the bill, which demurrer was by the court overruled, and thereupon the appellants prayed for and obtained an order of the trial court granting an appeal from said decree, for the purpose of settling the principles of the cause. Appellants failed to give an appeal bond within ten days after the overruling of said demurrer; in fact no appeal bond at all was given by appellants. This court, in *Turner* v. *Simmons,* 99 Miss. 28, 54 So. 658, with this identical question before it said:

"The authority of chancery courts to grant appeals from decrees overruling demurrers is contained in section 34, Code 1906, which provides that 'such appeals must be applied for and bond given within ten days after the demurrer is overruled, if in term time.' Statutes limiting

the time within which appeals shall be taken are both mandatory and jurisdictional, and must be strictly complied with. The court is without power to ingraft any exception on the statute. When the statute is not complied with, the supreme court is without jurisdiction of the cause, which will be dismissed, either on motion of appellee or by this court of its own motion. This court is without power to make any other order. 2 Ency. Pl. & Prac. 239-243, and notes.''

See *Griffith* v. *Bourn*, 109 Miss. 360, 69 So. 177.

Furthermore, if the court were willing to entertain this appeal for the convenience of the parties, it is doubtful if the questions argued are sufficiently presented by the record before us.

The court, therfeore, of its own motion dismisses this appeal.

*Appeal dismissed.*