## J. R. ADAMS *v.* W. T. MILLS.

1. TAX-TITLE. *Depositing deed. Time for redemption. Code 1880, § 531.*

    Under § 531, code 1880, depositing a tax-deed with the chancery clerk, to remain for one year, during which the land may be there redeemed, being for the benefit of the owner, is a necessary part of the proceeding to divest his title.

2. SAME. *Withdrawing deed. Tax-title invalidated.*

    Where, during the year for redemption, a tax-deed is by the clerk marked canceled, and is delivered to one supposed to be the owner, who promises to pay the redemption money, but, several weeks afterwards, discovers that he is not owner, and returns the deed without paying, whereupon the cancellation is stricken off by the clerk, all within the year, the tax-title is thereby rendered void.

FROM the circuit court of Quitman county.
HON. R. W. WILLIAMSON, Judge.

Action of unlawful entry and detainer, in which plaintiff relied upon a tax-title. The case was tried without a jury. Judgment for plaintiff; defendant appeals. The opinion contains a further statement of the case.

*J. W. & W. D. Cutrer*, for appellant.

When the clerk marked the deed canceled, and sent it out of his office before the expiration of the year, the deed lost its vitality. Code 1880, § 531. The clerk became the debtor of the purchaser for the amount of the redemption money. He could not rid himself from that liability, or afterwards revive the tax-title, by taking back the canceled deed.

All persons interested are by the statute directed to the clerk's office, where they may learn if their lands have been sold for taxes. The rights of an owner cannot be prejudiced by the action of the clerk in allowing a tax-deed to be withdrawn from his office before the expiration of the time allowed for redemption. Blackwell on Tax-titles, 299; *Ives* v. *Lynn*, 7 Conn., 505.

All redemptions, no matter by whom made, inure to the benefit of the owner. *Greene* v. *Williams*, 58 Miss., 752; *Jamison* v. *Thompson*, 65 *Ib.*, 516.

Under the admitted facts, the court should have adjudged the tax-deed void.

*J. S. Montgomery*, for appellee.

Although the deed was marked canceled, the redemption money was not paid as had been agreed, and the entry of cancellation was marked error, and the deed was restored to the files. As no part of the redemption money was paid, there was no redemption. Land sold for taxes can only be redeemed within the period fixed by the statutes, and on payment of the full amount of taxes for which the sale was made and subsequently accruing damages. Code 1880, § 531. The judgment appealed from is correct, and should be affirmed.

Argued orally by *J. W. Cutrer*, for appellant.

COOPER, J., delivered the opinion of the court.

Under the law, the owner of the land sold for taxes was entitled to redeem the same at any time within one year from the day of sale, and the deed from the collector to the purchaser was required to be deposited by that officer with the clerk of the chancery court, there to remain during the period of redemption, unless the land should be sooner redeemed; and, upon redemption, the conveyance was to be canceled by the clerk, and the money received by him was to be paid over to those entitled to receive the same. Code 1880, §§ 531, 532.

The requirement that the conveyance should be deposited and remain in the office of the clerk, was manifestly for the benefit of the owner of the land, who by the law was pointed to the place where he should apply for the purpose of redeeming. It appears from the evidence that application was made to the clerk by parties supposing the land in controversy to be theirs, and thereupon the deed was marked canceled by the clerk, and forwarded by him to such persons, who promised to remit the redemption money, but who, after the lapse of several weeks, discovered that they had no interest in the land, and refused to pay the money, but returned the deed to the clerk, who struck therefrom the entry of cancellation, and returned it to the files, and, after the expiration of the period of redemption, delivered it to the purchaser. The right of the plaintiff to recover rests upon the validity of this deed.

We think it clear that the cancellation of the deed and sending it to the party applying to redeem, was an effectual and complete destruction thereof as a muniment of title, and that it could not thereafter be revived by any act of the clerk. It was not dealt with as required by law, and compliance with the statute was essential to its validity.

*The judgment is reversed and cause remanded.*