GABRIEL SINTES *v.* EVON M. BARBER.

1. TAX TITLES. *Municipal tax deed. Filing with clerk. Code* 1892, §§ 3022, 3818, 3823.

A municipal tax deed which was not filed with the municipal clerk, there to remain subject to redemption for two years from the date of sale, is void for noncompliance with code 1892, §§ 3022, 3823, and no doubt of the availability of such omission as a defense to the grantee's action of ejectment arises out of the terms of § 3818, code 1892, providing that the failure of the collector to file a list of the lands sold to individuals, as therein required, shall not affect the title of the purchaser.

2. SAME. *Ejectment. Equity jurisdiction. Equitable defense.*

That the municipal tax deed under which plaintiff claims was not filed with the clerk in accordance with code 1892, §§ 3022, 3823, is available as a defense in ejectment, and is not such an equitable defense as will support a subsequent bill for cancellation.

3. SAME. *Bona fide purchaser. Code* 1892, § 2458.

In ejectment by the grantee in a municipal tax deed, which was not filed with the clerk as required by code 1892, §§ 3022, 3823, the defendant may show the facts entitling him to protection as a *bona fide* purchaser, without notice, under code 1892, § 2458, and cannot maintain a subsequent bill for cancellation on the theory that such facts constitute an equitable defense.

4. SAME. *Judgment in ejectment. Conclusiveness. Code* 1892, §§ 1677, 1678.

In view of §§ 1677, 1678, code 1892, making judgments in ejectment conclusive and providing that they may be recorded as deeds, the

question as to whether or not equitable defenses may be availed of after judgment, the decision of which is not necessary to the disposition of this appeal, is reserved.

FROM the chancery court of Harrison county.

HON. NATHAN C. HILL, Chancellor.

The appellee, Barber, was complainant and the appellant, Sintes, defendant in the court below. The opinion sufficiently states the facts of the case.

*White & Harper* and *W. H. Maybin*, for appellant.

It is the fault of the appellee that he had no bill of exceptions in the action of ejectment, and there is no reason why he could not have availed in that action, by way of defense, of all the matters set up in his bill. No ground of equity jurisdiction is averred, and it is well settled that it is not competent for a court of equity to review and revise a judgment at law. *Mc-Adory* v. *Turner*, 56 Miss., 666; 1 How. (Miss.), 108; 11 Smed. & M., 144; 13 *Ib.*, 698; 14 *Ib.*, 158, 160; 23 Miss., 406; 52 *Ib.*, 402; 1 Smed. & M., 238; 3 *Ib.*, 294-439; Story on Eq. Juris., secs. 894, 896; *Pollock* v. *Gilbert*, 16 Ga., 398.

*Harper & Potter*, on the same side.

The judgment in ejectment is *res adjudicata* as to the question of title between the parties to this controversy. Code 1892, § 1627; *Moring* v. *Ables*, 62 Miss., 271. The bill shows no such case of accident or mistake as warrants the interposition of a court of equity. *McAdory* v. *Turner*, 56 Miss., 666; *Ford* v. *Weir*, 24 *Ib.*, 563; *Ross* v. *Holloway*, 60 *Ib.*, 553.

Touching the only matter averred in the bill which merits any consideration as an equitable defense, we find that the authorities fully sustain the position that it was competent to show as a defense in the ejectment suit the date of the recording of the tax deed and the date of defendant's purchases, and that he had no notice of the tax deed and was a *bona fide* pur-

chaser for value. Code 1892, § 2458; *Mississippi Valley Co.* v. *Chicago, etc., R. R. Co.*, 58 Miss., 846; *Johnson* v. *Futch*, 57 *Ib.*, 78.

*T. M. Miller* and *Mayes & Harris*, for the appellee.

The appellant, after pocketing the deed which conveyed to him for $3 land of the value of $1,250, and keeping from the appellee the knowledge of the tax sale which would have attended a compliance with the law, should be treated in equity as having extended the period of redemption. While the question of title may be *res judicata*, the right to redeem and to estop the plaintiff in ejectment against resisting it could not be availed of in the law court.

An equitable defense is not admissible in ejectment. *Stevens* v. *Durrett*, 49 Miss., 411; *Morgan* v. *Blewitt*, 72 *Ib.*, 903; 2 Leading Cases in Equity (part 2), p. 97, *Earl of Oxford's case.*

Code 1892, § 3022, provides that deeds to purchasers of lands sold at municipal tax sales shall be filed with the municipal clerk, but does not provide that the failure to file shall render the deeds void. Indeed, it contains a reference to § 3818, in respect to state and county tax deeds, which section expressly provides that "a failure to make return or record the list shall not affect the title." So the defense is a clear defense of *bona fide* purchaser, and does not go the question that the deed is void *ab initio* in such way as that the point could have been made in an action of ejectment.

Argued orally by *W. R. Harper*, for appellant, and by *Edward Mayes*, for appellee.

CALHOON, J., delivered the opinion of the court.

Mr. Barber sought in chancery to enjoin execution of a judgment in ejectment recovered by Mr. Sintes against him, on the ground that he had, when the action of ejectment was brought and tried, an equitable defense, and, equitable defenses being inadmissible in such cases, he claimed the right, after

judgment, to invoke chancery jurisdiction, and did do so successfully below.

We do not now decide whether or not resort may be had to chancery after judgment in ejectment in any case merely because of an equitable defense, in view of code §§ 1677 and 1678, making judgments in such actions conclusive, and providing that they may be recorded as deeds may be.

His specific grounds of equity, as charged in his bill, are that Sintes bought the land July 1, 1895, at a tax sale made by the proper officer of the city of Biloxi, and that day got a deed for it, which deed he says was void, because of a patent ambiguity, and that he did not file the deed for record for more than two years after the date of his tax deed. Mr. Barber avers that that deed was "inoperative and void until it was filed for record," and that, in the meantime, between July 1, 1895 and July 5, 1897, when Sintes filed his deed for record, the original owner, one A. Montross, conveyed the land to one P. J. Montross, who, on the same day, conveyed it to one Schuyler, who, on that same day, conveyed it to Mr. Barber, who was without any notice of the tax sale. Of course any contention that an equity arose, to enjoin a judgment in ejectment, out of the fact that the tax deed to Sintes was void for patent ambiguity is absurd, as all Mr. Barber had to do was to object to its introduction in evidence for that reason. But really this point does not seem to be insisted on in argument.

The actual contention is that code § 3022, which provides that city tax deeds shall be "filed with the municipal clerk, and there remain subject to redemption for the same length of time and in the same manner as prescribed for the redemption of lands sold for state and county taxes," does not specifically provide that a failure to file shall avoid the deed; and it is said that section refers to code §·3818, which requires the county tax collector to file "a list of lands sold to individuals with the clerk of the chancery court," but further provides that "a failure to make return or record the list shall not affect title." Sec-

tion 3022 does not in terms refer to § 3818, but to §§ 3811 to 3815 and § 2823. Sections 3811 to 3815 have no sort of pertinency to the precise question in hand. Section 3818 requiring the tax collector to file a list of lands sold to individuals with the chancery clerk, as he is required to do with the list of lands sold to the state for record, and providing that a failure to make return or record the list shall not affect title, we think in no way affects § 3022 of the municipal chapter of the code or § 3823 in the revenue chapter for state and county.

The requirement of filing the deeds to purchasers at tax sales in the one case, with the municipal clerk, and, in the other, with the chancery clerk, to remain two years, subject to redemption within that time, we regard as vital in considering the question before us, and we have no difficulty in holding that the presentation of a deed not so filed in an action of ejectment could be objected to, and that the objection should be promptly sustained because of the mandatory requirement of §§ 3022 and 3823, and also because of § 2458 giving effect to conveyances of land, as to subsequent purchasers for value without notice, only from the time of delivery to the clerk for record.

*The decree overruling the demurrer to the bill is reversed, the same is sustained and the bill dismissed.*