LEWIS *v.* LYON COMPANY.

[66 South. 206.]

TAXATION.   *Sale of lands.   Statutes.   Retrospective effect.   Construction.*

    Acts 1910, chapter 214, which changed the date for tax collectors to file conveyances of land sold for delinquent taxes from the first Monday of April to the first Monday of May, cannot be construed as having a retrospective effect, since there is nothing in the act which disclosed such an intention on the part of the legislature.

APPEAL from the chancery court of George county.
HON. J. M. STEVENS, Chancellor.
Bill by F. H. Lewis against Lyon Company.   From a decree sustaining a demurrer to complainants bill, he appeals.

This is an appeal from a decree of the chancery court sustaining a demurrer of the appellee to the bill of complaint filed by appellant. This bill sought a confirmation of a tax title to certain land in George county, based upon a tax sale made by the tax collector on the first Monday (the 5th day) of April, 1910. The tax collector's deed was made and executed and bears date of April 5, 1910, and was filed in the office of the chancery clerk on April 14, 1910. Appellee demurred, on the ground that it appeared from the face of the bill that the tax collector's deed was not filed with the clerk of the chancery court on or before the first Monday of April, 1910, as required by section 4338 of the Code of 1906.

The legislature of 1910, on the 16th day of April, 1910, passed an act "to amend section 4338 of the Mississippi Code of 1906, so as to change the time for tax collectors to file conveyances of land sold to individuals from the first Monday in April to the first Monday in May." A prior session of the legislature had changed the date for sales for delinquent taxes from the first Monday in March to the first Monday in April, but had failed to make a change in the provisions of section 4338 as to the time of filing tax deeds, and this change was not made until April 16, 1910; and it is the contention of appellee that section 4338 of the Code of 1906 was in force on the 5th day of April, 1910, the day of the sale, and that appellant's tax deed bearing that date should have been filed on that date and, having not been so filed, was void, and that the change made in the statute April 16, 1910, extending the time for filing tax deeds to the first Monday in May, was not retrospective in its effect, and did not affect tax sales made on the first Monday of April, 1910. The lower court took this view of the question, and entered a decree accordingly, from which an appeal is taken.

*H. B. Everitt,* for appellant.

Conceding that the whole matter is within the discretion of the legislature and after the sale is properly made

at the proper time, and the sale only divests the title of the owner conditionally because of the two years allowed to redeem, is not the proceeding, so far as the owner is concerned, *in fieri?* The legal title has vested in the purchaser in the nature of an absolute deed given as security subject to a defeasance fixed by law. It is subject to redemption by paying the tax, damage and cost and as such the purchaser takes it. The due process of law for coercing the citizen to bear his part of the public burden begins with the lien declared and only ends with the expiration of the redemption period, until which time and during all of which period the process is in the control of the state's legally constituted official authorities. Within constitutional limitations the legislature may at any time alter the procedure so long as no vested right is destroyed or abridged. As to the taxpayer the whole scheme is a *quasi*-judicial procedure to the end of the redemption period. In *Vaughn* v. *Swayzie,* 56 Miss. 704, it is said that inasmuch as it is entirely competent for the legislature to prescribe such formulas as it pleases with regard to the levy and collection of taxes, it is fully within its power by retroactive legislation to dispense with their necessity and obviate the evils of their non-observance. The curative act in that case cured a defect in procedure that was vital and but for which the sale for taxes would have been void. The court would notice that in that case stress may appear to be laid on the fact that the curative act went into effect before the deed was made to the tax purchaser, but under the procedure at the time, no time for redemption was allowed and the sale was the final act and in that respect differs from the present scheme. Now the sale is not conclusive and final, the deed is retained in official custody and subject to official acts of filing, retaining or cancelling in case of redemption or delivering to the purchaser if not redeemed.

Official control of the title and rights of the parties is still retained for further procedure over which neither

the owner nor the purchaser have any control or right to complain of what the legislature may do in the matter of mere formulas of procedure. In the case of *Howie* v. *Alford,* the court confessed to a very awkward situation in arriving at the conclusion reached, one being the question of what would have been the effect of a failure of the tax collector to complete his sale and file his deeds on the first Monday of April and an adjournment or continuance of the sale to another day became necessary, but found consolation that all this confusion had been obviated by the amendments of the Code by the Acts of 1908 and 1910. During the month of April, 1910, the legislature, being in session, passed an act amending the Code and this declared that it was sufficient that the tax collector file his conveyance on or before the first Monday of May. That was approved and became the law before the first Monday of May, 1910, before which time the collector had failed to make his sales on the first Monday of April and the legislature should at once have amended section 4328 so as to add that if for any reason such sale should not be made on the first Monday of April it should be made on the first Monday of May. It will harly be contended that the sale could not be made on the first Monday of May of the current year. While this amendment of the Code by the legislature did not, by express language, extend the time for filing conveyances already made, it was evidently passed to obviate the confusion admittedly existing and so as to become the law before the first Monday in May, 1910. It thus extended the time for filing to a date then in the future as to sales made in April, 1910. In view of the manifest evil intended to be cured, the legislature must be understood as intending that the curative effect be so applied. Especially must this be true when no vested right was impaired or destroyed and a great public evil effecting the public revenue was involved. It is a matter of history of this legislature that in 1907 some tax collectors made their sales on the first

Monday of March and some first Monday of April, disregarding the change of the one section of the Code in the one case and following it in the other. That before the sales of 1908 the legislature changed another section from March to April. Then came the confusion discussed in *Howie* v. *Alford,* because of other changes of dates not having been made to follow the scheme that had been in vogue and worked well for years. So the legislature took another bite at the cherry, amended another section in April, 1910, directing that the tax collectors should have until the first Monday in May to file their deeds. But the statute still required, by section 2933 that lists of lands struck off to the state must be transmitted to the land commissioner on or before the first Monday of April. The legislature of 1912 corrected that by changing April to May. All of this legislation makes it perfectly manifest not only that the legislative intention was on the outset and continued to be a change of the day of sale to fix it one month later and to adjust other dates to correspond with this one change. In other words, it was never intended to shorten the time allowed for filing tax deeds or for transmitting the list of state sales to the land commissioner. Hence the purpose of these amendments was to extend the time. The amended statute merely effected the remedy pending proceedings looking to the final taking of the land for the taxes if not redeemed.

In *Chaffe* v. *Aaron,* 62 Miss. 29, after a sale of foreclosure had been made and reported for confirmation, the court, acting by authority of the statute, enacted subsequent to the date of the mortgage foreclosed, authorizing a resale on the owner giving bond to make the property bring more than fifty per cent advance of the bid and to pay cost, ordered a resale. It was contended that this impaired the contract rights of the mortgage. But it was held that it did not, but since it only effected the remedy it applied to a pending proceeding. It is said in *Brannon*

v. *Pringle,* 47 So. 674, that the law does not require that the deed be filed or marked filed by the clerk but merely that it be lodged in proper custody. And for whose benefit? Not for the benefit of the taxpayer to enable him to redeem, but that it may suspend the taking of possession and dealing with the title by the purchaser and retain control of the procedure up to the end of the expiration of the right of the owner to redeem.

But while the sales of 1910 may be thus saved in accordance with plain legislative intent, not inconsistent with the late decision of *Howie* v. *Alford,* it does seem to me that this pronouncement, by a divided court was inspired by some erroneous conclusions, hastily formed by other judges of this court, some of which were merely *obita dicta* and without mature reflection and careful research, and ought not to stand.

*Ford, White & Ford,* for appellee.

The sole point at issue in this case may be stated in just a few words, and it is this: Land was sold for taxes on the first Monday, the fifth day of April, 1910; section 4338 of the Annotated Code of 1906, which was then operative, required the tax collector's deed, under which appellant claims title, to be filed on or before the first Monday of April of the year of the sale; this tax collector's deed was not filed until the 14th day of April, 1910; the law relating to the time of the filing of tax collectors' deeds was notified on April 16, 1910, and tax collectors' deeds thereafter were required to be filed on or before the first Monday of May.

Under the decision of the court in the case of *Howie* v. *Alford,* reported in 56 So. 797, it would have to be conceded that this tax title under which appellant claims title to this land, would have been void, if section 4338 of the Annotated Code of 1906 was operative. The appellee makes the contention that chapter 214, of the Acts of the legislature for 1910, was prospective entirely in its opera-

tion, and had no effect whatever upon this tax title, or any other tax title, made on the first Monday of April, 1910. The case of *Howie* v. *Alford,* held in effect that a tax sale made on the first Monday of April, 1908, was void, if the tax collector's deed evidencing the sale was not filed on the first Monday of April, 1908.

The appellee makes the contention that chapter 214 of the Acts of the legislature for 1910, operated prospectively entirely, and we do not understand from reading the appellant's brief that this position is seriously controverted—the appellant has apparently taken the position that our court was wrong in the conclusion reached in the cases of *Adams* v. *Mills,* 71 Miss. 150; *Sintes* v. *Barber,* 78 Miss. 585 and *Howie* v. *Alford,* 56 So. 767, in holding that it was necessary for a tax collector's deed to remain on file with the chancery clerk for the full period of two years from the date of sale. The brief of appellant seems to be directed toward establishing the incorrectness of the court's holding in those cases. Now we do not propose to waste any time arguing the correctness of the court's conclusion. In those cases it was necessary for a tax collector's deed to be filed within the time required by law, and to remain on file from the time of filing for the period of two years from the date of the sale. The court's language in the cases of *Adams* v. *Mills, supra,* and *Sintes* v. *Barber,* supra, is too plain for argument, and the reasoning contained therein is absolutely sufficient, and we shall not attempt to either elaborate, or amplify, what our court really held in those cases. We merely quote the following paragraph from the opinion of the court in the case of *Adams* v. *Mills, supra:* "The requirement that the conveyance should be deposited and remain in the office of the clerk, was manifestly for the benefit of the owner of the land, who by the law was pointed to the place where he should apply for the purpose of redeeming. It appears from the evidence that application was made to the clerk by parties

107 Miss. 49

supposing the land in controversy to be theirs, and thereupon the deed was marked canceled by the clerk, and forwarded by him to such persons, who promise to remit the redemption money, but who, after the lapse of several weeks, discovered that they had no interest in the land and refused to pay the money, but returned the deed to the clerk, who struck therefrom the entry of cancellation, and return it to the files, and, after the expiration of the period of redemption, delivered it to the purchaser. The right of the plaintiff to recover rests upon the validity of the deed."

SMITH, C. J., delivered the opinion of the court.

Since chapter 214 of the Acts of 1910 contains no language which discloses either an express or implied intention on the part of the legislature that it should have a retrospective effect, and since we must decline to overrule the case of *Howie* v. *Alford,* 100 Miss. 485, 56 So. 798, the decree of the court below must be, and is, affirmed.

*Affirmed.*