## H. WESTON LUMBER CO. v. DURHAM ET AL.

[69 South. 177.]

TAXATION. *Sale. Time. Statutes. Thereafter.*

Code 1906, section 2933, provides that at tax sales the collector shall strike off unsold lands to the state and that he shall, on or before the first Monday of April "thereafter," transmit to the land commissioner a certified list of such lands. In 1908 the legislature changed the date of tax sales from the first Monday in March to the first Monday in April, but did not amend section 2933. So that since the courts cannot eliminate the word

"thereafter" from section 2933, the statute in plain terms fixes the date for transmitting the list of lands struck off to the state, as the first Monday in April "after" the day of sale, and where the report of the sale which was held in April was filed before the first Monday of the ιollowing April, the sale was valid.

APPEAL from the chancery court of Hancock county. HON. J. M. STEVENS, Chancellor.

Suit by Estelle H. Durham and others. against H. Weston Lumber Company. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*McDonald & Marshall,* for appellant.

The only point in this case is whether or not the filing of the list of lands sold on Tuesday, April 5, 1910, to the state by the tax collector, on May 2, 1910, rendered said sale void.

This land was sold at the time fixed by law (being chapter 190, Laws of 1908, page 208). He started selling on the first Monday of April, which was the 4th day and not having concluded the sale of all lands, he continued said sale on Tuesday, April 5, and Wednesday, April 6.

Section 2933 of the Code of 1906, which was the law at the time of the sale, and was not amended until chapter 230, Laws of 1912, as passed, required that the tax collector shall: "On or before the first Monday of April, thereafter, after the sale transmit to the land commissioner the certified list of the lands struck off by him to the state," etc.

We submit that the tax collector literally complied with the law. He sold on Tuesday the 5th day of April and he transmitted the list "before the first Monday of April, thereafter." To hold that this sale is void, it is necessary to hold that the tax collector shall transmit a list of the lands sold to the state on or before the first Monday of April and before he, under the law, has made the sale. He would be required to report the

doing of a thing before he had done it, and before the time for doing had arrived. We call the attention of the court to the fact that the word "thereafter" which appears in section 2933 did not appear in section 4338. So we contend that this sale was made on the day fixed by law, and in filing and transmitting the certified list, the tax collector complied with the very letter of the lw.

We submit that the case of *Howie* v. *Alford*, 100 Miss. 485, is not decisive of this case, and the rule laid down with reference to the filing of deeds with the clerk will not be applied to the filing of the deed with the land commissioner, because the language of the sections is different. Indeed, the case of *Howie* v. *Alford*, has not yet become a rule of property and we suggest that the true construction in that case, and what ought to be the law of the land, is contained in the dissenting opinion of Justice Smith. And if it is held, as did the chancellor below, that the rule laid down in the *Howie* v. *Alford* case is controlling in this, then this case is presented to the court with the hope and belief that the *Howie* v. *Alford* case will not be longer followed.

*J. G. Napier,* for appellees.

The lands in controversy were sold on April 5, 1910, by the tax collector of Hancock county, to the state of Mississippi. The list of the lands was made out by the tax collector and was transmitted and filed with the land commissioner on the 2nd day of May, 1910, that is, some twenty-eight days after the first Monday in April as required by section 4338 of the Code of 1906, which requires that the tax collector should file all conveyances of land sold for taxes to individuals in the office of the chancery clerk, there to remain two years from the date of sale.

We submit that this applies to sales made to the state as well as individuals, and that the said sale to the state

should remain in the office of the land commissioner for two years.

We submit that according to appellant's brief and agreed statement of facts, that the list was filed in the office of the land commissioner, on the 2nd day of May, 1910, the sale having been made the 6th day of April, 1910; that same was filed in the office of the land commissioner some twenty-eight days after the sale was made; section 2933 of the Code of 1906, which was the law at the time the sale was made, and was not amended until chapter 230, Laws of 1912, was passed, requiring that the tax collector shall, on or before the first Monday of April, thereafter (after the sales), transmit to the land commissioner the certified list of the lands struck off by him to the state, etc.

We submit that the appellant's claim, when taken, that it would only be necessary for the transcript to be in the office of the land commissioner for one year. Argument of council for appellant reciting that the law was literally complied with by the tax collector and that said transcript was filed in the land commissioner's office on April thereafter.

We submit that the law has not been complied with, that even though this court should hold that the law was literally complied with, that the transcript was not in the office of the land commissioner for a period of two years, where the said appellee could have redeemed the same.

In reference to council's argument, in calling the court's attention to the word, "thereafter" which appears in section 2933, and does not appear in section 4383, that whether the word "thereafter" appeared in section 4383 or not, same was intended, and should be construed by this court same as section 2933, and so far as I am able to find has been so construed.

We submit that *Howie* v. *Alford,* 100 Miss. 485, is decisive of this case, and the rule laid down with

reference to the filing of the deed with the land commissioner, and that the state and individuals are governed by the same laws of the state.

We further submit that the lower court did not err in holding that the failure of the tax collector to transmit the list of lands sold to the state, to the land commissioner until May 2, 1910, of lands sold by him on the 6th day of April, 1910, rendered said sale void.

COOK, J., delivered the opinion of the court.

From a decree canceling a state patent to certain lands situated in Jackson county, this appeal is prosecuted. It appears from the pleadings and the agreed statement of facts that complaintants below, appellees here, were the owners of the land in controversy, and, failing to pay the taxes due thereon for the year 1909, the same was struck off to the state. The land in question was bought by appellant from the state, and the bill prayed that this deed be canceled as a cloud on appellant's title. The decree of the court was in accordance with the prayer of the bill.

To make the issue here plain, we quote the agreed statement of facts, viz.:

"It is agreed that the tax collector of Hancock county sold the lands in controversy to the state of Mississippi on the 5th day of April, 1910, and that the said sale for taxes was begun on the 4th day of April, being the first Monday, and continued on the 5th and 6th of April, 1910; and that he made out a certified list, as required by law, of lands sold to the state, which embraced this land, and transmitted it to the land commissioner after the day of sale and was received in said office on Monday, May 2, 1910; that the land was not redeemed within two years; and that, after the two years had expired, the state issued its tax patent attempting to convey said land to E. J. Albritton, and said Albritton sold to the H. Weston Lumber Company."

Appellant contends the facts demonstrate that the tax sale was made in accordance with law, and that the list of the lands struck off to the state was filed with the land commissioner within the time prescribed by section 2933, Code of 1906. On the other hand, appellees claim that the list of lands was not filed with the land commissioner until long after the first Monday of April, 1910, and for this reason the state never obtained title to the land, citing *Howie* v. *Alford,* 100 Miss. 485, 56 So. 797.

In *Howie* v. *Alford,* the court was construing section 4338 of the Code, while in the present case we are called on to construe section 2933. The court held in the Howie Case that section 4338, in plain words, made it imperative that deeds to individuals buying land at a tax sale must be filed on the first Monday of April— the day fixed for the sale. Section 2933 in part reads:

"The collector shall strike off the same to the state, and he shall, on or before the first Monday of April thereafter, transmit to the land commissioner a certified list of the lands struck off by him to the state."

It seems clear that the tax collector is thus required to transmit to the land commissioner the lands struck off to the state on the first Monday in April following the day of the sale. The language is plain and aptly expresses the intention of the legislature to require the list of lands struck off to the state to be transmitted to the land commissioner after the day of the sale, and the date when this must be done is fixed as the first Monday of April next succeeding the day of sale.

In 1908 the legislature changed the date of tax sales from the first Monday in March to the first Monday in April. Sections 2933 and 4338, Code of 1906, were left as they were. The omission to amend section 4338 practically nullified all sales made to individuals; and in *Howie* v. *Alford, supra,* this court refused to legislate in order to help a bad situation. This court is not

empowered to eliminate the word "thereafter" from section 2933, and, unless this is done, the statute in plain and unambiguous terms fixes the date for transmitting the list of lands struck off to the state as the first Monday of April after the day of sale. There is no room for construction.

The court below erred in decreeing that the tax patent was void.

*Reversed and remanded.*