## K. C. LUMBER COMPANY *v*. MOSS.

### [80 South. 638, In Banc.]

1. EVIDENCE. *Tax sale list. Certified copy.*
   Under the Code of 1906, section 2933, providing that the tax collector shall send to the land commissioner a certified list of lands struck off by him to the state and that the same shall be recorded in his office, certified copies of such lists from the books in the lands office are admissible in evidence.

2. TAXATION. *Tax sales. Time for filing list in land office.*
   Under the Code of 1906, section 2933, where land is sold for taxes and bid in by the state, on the first Monday in April, it is not necessary to transmit the list of property so struck off to the land commissioner until the first Monday in April of the following year.

3. COURTS. *Precedents. Rule of property.*
   Where a decision of the supreme court constitutes a rule of property it should not be overruled unless plainly and manifestly wrong.

4. TAXATION. *Sale. List of property. Constitutional provisions.*
   In view of the Code of 1906, sections 2936, 2937, 4330, section 79 of the Constitution of 1890, relative to the redemption of land sold for the nonpayment of taxes is not violated by Code of 1906, section 2933, in that the collector need not transmit lists of property struck off to the state, to the land commissioner until the first Monday in April of the year following the sale.

5. TAXATION. *Notice of non-payment.*
   Every person is charged under the law with the notice and knowledge as to whether his taxes are paid or not.

6. TAXATION. *Sale of property. Notice.*
   If taxes are not paid at the time required by law then the owner's lands may be sold in the manner prescribed by law, and he is charged with notice by law of the time and place when such sales are required to be made.

7. TAXATION. *Sale of land. Time for redemption.*
   The law does not fix the two years for the redemption of lands sold for taxes from the date of the "filing" of the list, but from the date of sale.

8. Taxation. *Sale of land. Filing of list of land struck off to state.*
Section 2933 of the Code of 1906, does not prescribe the method
of transmission of the lists of land struck off to the state from
the sheriff to the land commissioner and therefore the method
of transmission is not important.

Appeal from the chancery court of George county.
Hon. W. M. Denny, Jr., Chancellor.

Bill by O. F. Moss against the Kansas City Lumber
Company and others. From a judgment for plaintiff,
defendant appeals.

The facts are fully stated in the opinion of the court.

*White & Ford,* for appellant.

*O. F. Moss,* for appellee.

Etheridge, J., delivered the opinion of the court.

The appellee on the 22d day of June, 1916, purchased
from the state of Mississippi certain lands and filed this
bill in the chancery court to confirm his title thereto.
The lands in question were sold on the 5th day of April,
1909, for the taxes for the year 1908 and were struck off
to the state. The list was received by the land com-
missioner on the 26th day of July, 1909, and the follow-
ing notation made thereon:

"List received from auditor July 26th, 1909, recorded
and mailed to chancery clerk July 31st, 1909. J. L.
Gillespie, Land Commissioner, by J. M. Smylie, Clerk."

The complainant introduced a certified copy of the
list from the land commissioner in evidence, and the
following contentions were presented here on this ap-
peal: First, that it was error to admit in evidence
certified copy of the land commissioner, because of the
notation above that it was received from the auditor,
and also because it is alleged not to be a copy of the
original, but merely a copy of the records of the land
commissioner's office. Second, it is contended that the

tax sale of April 5, 1909, was void because it was not
filed with the land commissioner on the day of the sale.
Third, it is insisted that the case of *Weston Lumber Co.
v. Durham,* 109 Miss. 367, 69 So. 177, construing section
2933 of the code, is erroneous, and, if the decision is
not erroneous in construing the statute as there con-
strued, the sale will be void because the statute, as con-
strued by the court in the above case, would be in con-
flict with section 79 of the Constitution of 1890, giving
the owner two years within which to redeem the tax
sale.

We do not think there is any merit in the contention
that it was error to admit the certificate and list of
lands introduced in evidence showing the sale in ques-
tion to the state.  Section 2933 provides that if upon
offering land of any delinquent taxpayer, constituting
one tract, no person will bid for it the whole amount
of taxes and all costs, the collector shall strike off the
same to the state, and he shall on and before the first
Monday of April thereafter transmit to the land com-
missioner a certified list of the lands struck off by him
to the state, specifying the day of sale and the amount
of taxes for which the sale was made and each item
of cost incident thereto, and the land commissioner
shall correct the list, if necessary, by the records of his
office and the United States Land Office and strike
therefrom the land improperly on it and return it to
the collector for correction, if necessary, and the col-
lector shall correct it as instructed by the land commis-
sioner and return to him as corrected, and when the
list is corrected it should be recorded in the land com-
missioner's office and shall then be certified by the land
commissioner and be transmitted to the clerk of the
chancery court of the county and be by him recorded in
a book kept for that purpose.  Under this statute the
land commissioner records the list sent him by the tax
collector, and certified copies of such lists from the
books in the land office are admissible in evidence.

The second contention is that the tax sale is void because it is contended that the case of *Howie* v. *Alford,* 100 Miss. 485, 56 So. 797, rendered tax sales void sold to individuals under like circumstances, and that this court was wrong in the construction of the statutes involved in this suit in *Weston Lumber Co.* v. *Durham,* 109 Miss. 367, 69 So. 177. We think the case of *Weston Lumber Co.* v. *Durham,* 109 Miss. 367, 69 So. 177, was correctly decided and decline to overrule that case. This case constitutes a rule of property and should not be overruled, unless plainly and manifestly wrong.

The next contention is that the statute as construed in *Weston Lumber Co.* v. *Durham* is in conflict with section 79 of the state Constitution. This section reads as follows:

"The legislature shall provide by law for the sale of all delinquent tax lands. The courts shall apply the same liberal principles in favor of such titles as in sale by execution. The right of redemption from all sales of real estate, for the nonpayment of taxes or special assessments, of any and every character, whatsoever, shall exist, on conditions to be prescribed by law, in favor of owners and persons interested in such real estate, for a period of not less than two years."

Section 4330, Code of 1906, reads as follows:

"The owner or any person interested in any land sold to the state for taxes may redeem it, or any part of it, where it is separable by legal subdivisions of not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale to the state, by paying to the land commissioner the amount of all taxes for which the land was sold, and all the costs incident to the sale, and all taxes and costs accrued thereon since the sale, and twenty-five per centum on all taxes for which it was sold added thereto; and upon payment to the land commissioner he shall execute to the person redeeming the land a release of the title of the state thereto, and the land commissioner shall

immediately notify the auditor, chancery clerk, and tax collector, giving the name of the person redeeming, date of the redemption, and description of the lands, and when they receive such notice they shall at once make an entry thereof upon their records. The tax collector shall keep a record of state tax lands for convenience in making settlements with the state and county."

Section 2936, Code of 1906, is almost an identical statute with the one just quoted, and reads as follows:

"The owner or any person interested in any land sold to the state for taxes may redeem it, or any part of it, where it is separable by legal subdivisions or not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale to the state, by paying to the land commissioner the amount of all taxes for which the land was sold, and all the costs incident to the sale and all taxes and costs accrued thereon since the sale and twenty-five per centum on all taxes for which the land was sold added thereto; and upon such payment to the land commissioner, he shall execute to the person redeeming the land a release of the title of the state thereto, which shall be attested by the seal of the land commissioner's office, and shall not require an acknowledgment of its execution before an officer, but shall be entitled to be recorded without acknowledgment; and when duly executed, as herein provided, shall release all claim or title of the state to the land."

Section 2937, Code of 1906, requires the tax collector to keep a record of state tax lands, and reads as follows:

"The tax collector shall keep a record of state tax lands for his convenience in collecting taxes and making settlements with the state and county; and the land commissioner, when he releases lands upon redemption, shall immediately notify the auditor, chancery clerk, and tax collector, giving name of person redeeming, date of redemption, and description of lands, and the auditor,

clerk, and collector, when they receive such notice, shall at once make the entry thereof upon their records.''

It will be noted from the language of section 79 of the Constitution of 1890 that the right of redemption from all sales of real estate for nonpayment of taxes or special assessments of any and every character whatsoever shall exist on conditions to be prescribed by law in favor of owners and persons interested in such real estate for a period of not less than two years. Under the very terms of this statute, the right of redemption shall exist on ''conditions to be prescribed by law,'' and the statute above quoted gives the owner, or any person interested in any land sold to the state for taxes, the right to redeem it within two years after the date of sale to the state. The right of redemption under this statute dates from the day of sale, and the owner, or other person interested may at any time after the sale pay or tender to the sheriff before the list is made out and transmitted to the land commissioner (*Burroughs* v. *Vance,* 75 Miss. 696, 23 So. 548), and to the land commissioner, after the list is filed with him, the taxes, costs, and damages prescribed by law, and upon such payment he has the right to a certificate of redemption and may resort to the courts to enforce his rights of redemption and the issuance of a certificate in case of refusal on the part of the land commissioner to accept the money and issue the certificate. Both sections 4330 and 2937 require the tax collector to keep a list of the land sold, and the date of sale and the amount due for redemption can be easily ascertained by the records required to be kept by the tax collector, so that no practical difficulty is encountered by any owner seeking to redeem. It is true that the tax collector has until the first Monday of April following the sale in which to transmit to the land commissioner a certified list, but it does not prevent his doing so before the 1st of April, and in the present case the list was filed on July 26th following the sale. There was nothing to prevent the owner from redeeming, and

the record does not show any effort on his part to redeem at all. It is not a case where the owner tendered money for a redemption and the reciept and certificate of redemption was refused, but is a case where there was no effort whatever to redeem. Every person is charged under the law with the notice and knowledge as to whether his taxes are paid, or not. If not paid at the time required, then his lands may be sold in the manner prescribed by law, and he is charged with notice by law, of the time and place where such sales are required to be made. Necessarily some time must be allowed officers charged with the making of sales and keeping records of tax sales in which to perform their duties; but the giving of such time does not interfere with the right to redeem, nor does the fact that the list may not be actually filed, so as to give full two years after such filing to redeem, interfere with the redemption. The law does not fix the two years from the date of the "filing" of the list, but from the date of sale. The records of the county kept by requirement of law regarding tax sales would have given the appellant all the information necessary for the exercise of his rights of redemption.

There is no merit in the contention that the list is invalid because of the notation that it was received through the auditor. The statute does not prescribe the method of transmission from the sheriff to the land commissioner, and therefore the method of transmission is not important. The essential thing is that it is transmitted.

We see no reason to disturb the holding of the court below, and the judgment is affirmed.

*Affirmed.*

Stevens, J. (dissenting).

There are certain considerations which cause me to doubt the correctness of the conclusions reached by the majority of the court in this case, and these considerations I do not believe were fully considered and decided by the court in *Lumber Co.* v. *Durham,* 109 Miss. 361, 69 So. 177, the case which the court now holds controlling. The importance of the questions presented is the only justification I have in recording my views in this dissent.

The case of *Lumber Co.* v. *Durham* was an appeal from a decree rendered by me as chancellor; and, while I was a member of this court when the case was decided, I took no part in the consideration or decision thereof. In that case the court, construing section 2933 of the present Code, held that the tax collector had a year in which to file with the land commissioner a certified list of lands struck off to the state. Before that, this court in *Howie* v. *Alford,* 100 Miss. 485, 56 So. 797, had ruled that conveyances for all land struck off to and sold to individuals must be filed with the clerk of the chancery court by midnight of the day on which the sales were made, that is to say, "the first Monday of April;" and that a failure to file these conveyances on Monday the day of sale rendered the deeds void. The ruling of this court in *Howie* v. *Alford* and in *Lumber Co.* v. *Durham* affected the tax sales for the years 1908, 1909, and 1910. As stated by Judge Cook in *Lumber Co.* v. *Durham,* "The omission to amend section 4338 practically nullified all sales made to individuals." But the court, by what I conceive to be a technical construction of section 2933, saved the title acquired by the state at the same tax sales in which individuals' titles were condemned. In my judgment, the opinions in *Howie* v. *Alford* and *Lumber Co.* v. *Durham* necessarily conflict, and one or the other of these cases should be overruled. I do not think the court is justified in construing one

of our revenue statutes alone. Sections 4338 and 2933 of the Code should be construed together in connection with the other revenue statutes and as parts of one harmonious scheme providing for the sale of delinquent lands. It is conceded that both cases were the result of "the blunder of the legislature" in moving up the day of sale from the first Monday of March to the first Monday of April without likewise moving up the time in which the tax collector should file his conveyances and the list of lands struck off to the state. In *Howie* v. *Alford,* this court said:

"This court has twice held that this section was mandatory, and that the failure to file the deed with the clerk, as required by this section, made the deed void. See Adams v. Mills, 71 Miss. 150, 14 So. 462, and Sintes v. *Barber,* 78 Miss. 585, 29 So. 403. In the case of *Adams* v. *Mills* this court said that 'the requirement that the conveyance should be deposited and remain in the office of the clerk was manifestly for the benefit of the owner of the land, who by the law was pointed to the place where he should apply for the purpose of redeeming.' It is true that the tax collector is required to file the conveyance in the office of the clerk the very day that the law requires the sale to be made, and it is also true that he may have some difficulty in complying with the statute; but his fact cannot furnish this court with authority to amend or repeal the law as declared by the clear language used by the legislature."

The statute there construed provided that the conveyances of land sold to individuals should be filed with the chancery clerk "on or before the first Monday of April." The statute did not in express language say April of the year in which the sales were being made; it did not declare what April the statute referred to. But the court did not hesitate to accept and declare the manifest intention of the statute. It was obvious that the statute referred to the year in which the lands were being sold for delinquent taxes. It is a matter

of common knowledge that taxes are .collected annually and tax sales are made annually. The law deals with each fiscal year as a separate entity, and lands must bear the burden of taxation annually. So the court had no difficulty in construing section 4338 as applying to the April in which the sales were being conducted. Now when the court comes to deal, in *Lumber Company* v. *Durham,* with what I am pleased to term a companion statute, section 2933, "the first Monday of April thereafter" is construed to mean April of the year following —a year in which the tax sale in question was not made. This section, 2993,. had always before that meant the April of the year in which sales were being made, and to relieve a legislative blunder the court proceeds to make it mean a time which it had not theretofore meant, a year thereafter. The result is that the law meant one thing one year and another thing another year.

But there is another result which necessarily follows from the decision in *Lumber Co.* v. *Durham,* and there are other considerations which were not pressed upon the court in that case and which were not at all decided. Section 79 of the Constitution expressly provides that—

"The right of redemption from all sales of real estate, for the nonpayment of taxes or special assessments, of any and every character whatsoever, shall exist, on condition to be prescribed by law, in favor of owners and persons interested in such real estate, for a period of not less than two years."

The decision in *Lumber Co.* v. *Durham,* in my opinion, is in conflict with this provision of our organic law. The quoted portion of this section was adopted for the first time in the Constitution of 1890. Prior to that time owners had been allowed by statute one year only in which to redeem. Prior to the Constitution of 1890, the right to redeem was a statutory right. Since the Constitution of 1890, any person interested in real estate sold for nonpayment of taxes has the constitutional right to redeem, and this right says the Con-

stitution, "shall exist . . . for a period of not less than two years." The court in *Lumber Co.* v. *Durham* held that the tax collector could have one year to file his list of lands sold to the state, and, if the tax collector took this time, the list would be on file with the land commissioner only one year. It is conceded that under section 2936, Code of 1906, any person interested in land sold to the state may redeem "at any time within two years after the day of sale to the state, by paying to the land commissioner the amount of all taxes," etc. This statute conforms to the Constitution in providng that the owner may redeem at any time within two years, but in doing this he must deal with the land commissioner of the state. It is plain that the owner must look to a state officer in the capital city for the necessary information, first, as to whether his lands have been struck off to and purchased by the state, and, secondly, for the amount necessary to redeem. If the tax collector can lawfully withhold his list for a year after the day of sale, it is obvious that the land commissioner is for that period of time without any information on the subject and without a lawful list to be corrected and approved in accordance with another statute on the subject, and without the data which he must necessarily have in dealing with the owner. It is not enough to say that the land commissioner on application can write to the various county officers over the state and by correspondence acquire the necessary data. Section 4331 expressly provides:

"The list of land sold to the state . . . shall be in lieu of conveyances, and shall vest title in the state to all lands embraced in such list as conveyances to the state would."

This court, in *Mayson* v. *Banks,* 59 Miss. 447, said:

"A sale of land for taxes and striking it off to the state, without any further act by the collector, would not vest title in the state. The list prescribed by the statute is the instrument by which title is to be vested in the

state, as under the former law the deeds executed by the collector did. It is merely a simple and economical substitute for them, and is necessary to vest title in the state.''

If the requirement that conveyances of land sold to individuals must be filed with the chancery clerk is a mandatory provision, the violation of which renders the sale void, as has been expressly ruled (*Adams* v. *Mills,* 71 Miss. 150, 14 So. 462; *Sintes* v. *Barber,* 78 Miss. 585, 29 So. 403; *Howie* v. *Alford, supra; Lewis* v. *Lyon Co.,* 107 Miss. 763, 66 So. 206), it follows that the list of lands sold to the state must be filed with the land commissioner, and that this is likewise a mandatory provision, and, until the list has been actually filed with the land commissioner, title has not passed. It is mandatory that this list must not only be made out and filed by the tax collector, but it must be transmitted and actually filed with the land commissioner. So long as the list remains in the hands of the tax collector, the state has no title which it can rely upon or sell, and the land commissioner has no data from which he can lawfully compute the amount necessary to redeem. But during the twelve months which the court has ruled the tax collector may pigeonhole these lists, the owner under the Constitution has the absolute right to redeem, and, if he has the constitutional right during that period of time to redeem, there must be an effective remedy for the exercise of the right. It is elementary that there must be a remedy for every right. The court in the majority opinion declares that the right exists ''on conditions to be prescribed by law;'' but these conditions, I take it, refer more to the consideration which the owner must pay, such as the amount of taxes, damages, costs, etc., and the proper functionary with which he must deal. The legislature is not at liberty to provide unreasonable conditions, and I do not think the legislature is at liberty to prescribe any condition that would unreasonably fetter the owner in the exercise of his con-

stitutional right.  The illiterate farmer, who, by mistake
or poverty, permits his land to be sold for taxes· and
struck off to the state, would naturally inquire from the
land commissioner for information on the subject, if he
approaches any one.  If he approaches the land com-
missioner during the first twelve months after the sale,
he might be advised that the records of the land office
show no sale.  He might be led to the conclusion that
his land had not been sold at all and thereby lulled into
a sense of security.  The remedy thus provided by the
statute for the years 1908, 1909, and 1910, as construed
by this court, does not furnish an adequate remedy for
the exercise of the right guaranteed by section 79 of
the Constitution.  There are many considerations which
lead me to conclude that the legislature never intended
such result.  The legislature has always required these
lists to be filed within a short period of time.  As stated
by the present Chief Justice in his dissenting opinion in
*Howie* v. *Alford*:

"What constitutes a reasonable time has been fixed
by the uniform course of our legislation on the subject,
since the Code of 1871, to be thirty days."

I think in the very nature of things the revenue
officers must have a reasonable time in which to make
their sales and file their conveyances and lists, and that
the allowance of a reasonable time for doing these
necessary things would not be in conflict with section
79 of the Constitution; but the allowance of twelve
months would be an unreasonable time and would
confuse and mislead owners of lands and other persons
interested in the same.  It would present delicate
questions as to whether any sale at all had been made.
The thought I have here is illustrated in the case of
*Burroughs* v. *Vance,* 75 Miss. 696, 23 So. 548, where this
court condemned a tax title on the ground that the
owner might pay to the tax collector the amount of
all taxes and damages due even after the day of sale
and before the tax collector had executed a deed to

the purchaser and collected from him the amount of his bid; the court saying:

"So long as the sale to appellee was *in fieri,* the sheriff had power to deal further with the lands."

If the holding in that case be sound, then owners of land might attempt to deal direct with the tax collector after the day of sale to the state and before he had transmitted his list to the land commissioner, and during the course of twelve months titles to lands claimed by the state might become in more confusion than they have ever thus far been thrown in. That no such result was ever intended by the legislature is further reflected by the fact that the legislature, by chapter 230, Laws of 1912, fixed the time for filling the list with the land commissioner on or before the first Monday in May instead of April; thus again, beyond doubt, defining thirty days as a reasonable time.

Another consideration that leads me to doubt the correctness of the conclusions heretofore reached by this court: If tax collectors could ever have twelve months in which to file these lists, they might go out of office. at the end of their term without being forced to comply with this mandatory requirement of the law, and the incoming sheriff and tax collector would not be in a position accurately and adequately to comply with the statute. But to revert to the constitutional provision, section 79 expressly provides that the right of redemption shall exist "for a period of not less than two years." Not less than two years means two full years, and any statute which incumbers the owner in the exercise of this right must give way to that constitutional provision which governs the legislature as well as the courts.

I do not overlook the forcible argument that a case should not be overruled unless manifestly wrong, and that *Lumber Co.* v. *Durham* has become a rule of property. I believe, however, that *Howie* v. *Alford* was generally accepted as condemning most all of the tax

sales made for the three years mentioned, and that more transactions have been based upon that decision than upon the much later and quite recent decision of *Lumber Co.* v. *Durham.* This court refused to overrule *Howie* v. *Alford* in *Lewis* v. *Lyon Co.,* 107 Miss. 763, 66 So. 206, but again approved the mandatory requirement of the statute as applied to tax sales of 1910, although the legislature of 1910 passed, on the 16th day of April, 1910, an amendment to section 4338 of the Code (Laws 1910, chapter 214), so as to allow until first Monday of May for the filing of conveyances with the chancery clerk. *Howie* v. *Alford* then became a rule of property before *Lumber Company* v. *Durham* was decided, and one or the other, if not both, is unsound. But the present case presents an additional question not heretofore answered by this court—the effect of the latter portion of section 79 of the Constitution. Its meaning is clear, and the provision is fundamental. Section 2933 of the Code, as construed in *Lumber Company* v. *Durham,* necessarily conflicts with the spirit and purpose of the constitutional provision quoted.

For the reasons stated, I cannot concur in the majority opinion.