WOOD *v.* MORATH *et al.*

[91 South. 130, No. 22153.]

1. TAXATION. *Record of proceedings leading up to tax sale and filing tax deed constitute constructive notice to purchaser during redemption period.*

Under the statutes of this state governing tax sales and tax titles to lands, especially section 4303, Code 1906 (section 6937, Hemingway's Code), section 4255, Code 1906 (section 6886, Hemingway's Code), section 4333, Code 1906 (section 6967, Hemingway's Code), sections 4331 and 4332, Code 1906 (sections 6965 and 6966, Hemingway's Code), section 4338, Code 1906 (section 6972 Hemingway's Code), and section 2788, Code 1906 (section 2292, Hemingway's Code), pro-

viding for the filing of deeds for record, during the two-year period of redemption of land from tax sale, the record of the proceedings leading up to such sale and the filing of the tax deed with the clerk, as well as the list of the lands sold, constitute constructive notice of the rights of the purchaser at such sale to those acquiring any interest in such land during such period of redemption.

2. TAXATION. *Tax sale purchaser's title after redemption period prevails over that of bona fide purchaser from owner.*

The title of the purchaser of land at a tax sale where the two-year period for redemption has expired without redemption having been made will prevail over the title of a *bona-fide* purchaser from the owner of the land for value without actual notice of such tax sale which purchase was made during the two-year period of redemption.

On suggestion of error. Suggestion of error overruled. For former opinion, see 90 So. 714.

ANDERSON, J., delivered the opinion of the court.

The question raised by the suggestion of error (and it is the first time it has been referred to in the case) is which title to land will prevail, that of a purchaser at a tax sale where the two-year period for redemption has expired without redemption having been made, or that of a purchaser from the owner for value without actual notice of such tax sale made during such period of redemption? It is argued that there is no statute which expressly makes a tax sale of land constructive notice to those acquiring rights therein during the period of redemption, and that at common law, there being no such thing as constructive notice of conveyances of land, therefore it follows that the title of the purchaser from the owner in such case must prevail over the purchaser under the tax sale. It is true that we have no statute which in so many words provides that during the two-year period of redemption from tax sales of land that those dealing with the land are affected with notice of the rights of such tax sale purchaser. However, construing the statutes of this state bearing on this subject together, they can mean nothing else. Section 4303, Code of 1906 (section 6937, Hemingway's Code),

provides that the equalization notice therein required shall be notice to all persons "of the contents of the roll or rolls so filed." Section 4255, Code of 1906 (section 6886, Hemingway's Code), among other things, provides that all taxes, both state and county, assessed against land "shall bind the same, and be entitled to preference over all judgments, executions, incumbrances, or liens, whensoever created." Under our statutes a valid assessment of land for taxes is a judgment against said land for such taxes, and the land assessment roll in the hands of the tax collector is the latter's writ of execution, so to speak, for the enforcement of such judgment. So armed, the tax collector, without any further authority, is given the remedy by distress against personal property, or sale of the land, or by both, for the purpose of enforcing payment of such taxes. From the time of giving the notice by the assessor provided for by section 4303, Code of 1906 (section 6937, Hemingway's Code), until the expiration of the two-year period of redemption, the proceeding is in the nature of a cause *lis pendens,* in which the judgment is not final until the end of such period.

In section 4333, Code of 1906 (section 6967, Hemingway's Code), it is provided that a list of lands sold individuals shall be filed with the clerk of the chancery court, who shall record the same in a book to be kept for that purpose. Sections 4331 and 4332, Code of 1906 (sections 6965 and 6966, Hemingway's Code), among other things, provide that the tax collector shall execute conveyances to individuals purchasing lands at tax sales—"which conveyance shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption; and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes," etc.

Section 4338, Code of 1906 (section 6972, Hemingway's Code), requires the tax collector to file all conveyances of land sold to individuals in the office of the chancery

clerk of the county, there to remain for two years from the day of sale unless sooner redeemed.

*Sintes* v. *Barber*, 78 Miss. 585, 29 So. 403, is relied on as authority for the suggestion of error. We are unable to see that that case has any application. The tax deed in that case was not filed with the municipal clerk (it being a municipal tax sale) to remain during the two-year redemption period, as required by statute; therefore the court held the deed void, and, of course, void as against a bona fide purchaser who purchased during that period.

Section 2788, Code of 1906 (section 2292, Hemingway's Code), provides: "Every conveyance, covenant, agreement, bond, mortgage, and deed of trust shall take effect, as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors, only from the time when delivered to the clerk to be recorded."

It will be noted from the last section that a deed is constructive notice from the time it is delivered to the clerk to be recorded; not from the time it is actually recorded.

Taking all of these statutes together, and having in view their intent and purpose, we can reach no other conclusion than that during the two-year period provided for the redemption of lands from tax sales all persons acquiring any rights in such lands are affected with notice of such tax sales and the rights of purchasers thereunder.

*Suggestion of error overruled.*