**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-10499
_____

TEXAS COMMERCE BANK NATIONAL ASSOCIATION,

Plaintiff-Appellant,

VERSUS

STATE OF FLORIDA; and
FLORIDA DEPARTMENT OF INSURANCE,
as Receiver for Western Star Insurance Company, Ltd.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

April 9, 1998

Before JOLLY, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:

Texas Commerce Bank National Association ("TCB") appeals the denial of a preliminary injunction. We dismiss the State of Florida and affirm the denial of the preliminary injunction.

## BACKGROUND

In 1993, Ameritrust Texas National Association, predecessor-in-interest to TCB, entered into a trust agreement, as trustee,

with Western Star Insurance Company, Ltd. ("Western Star"). The purpose of the trust agreement was to permit Western Star to issue insurance policies capitalized in part by the trust's corpus. Pursuant to the trust agreement, Western Star delivered to TCB a certificate of deposit ("CD") in the amount of $5.4 million, evidencing a deposit of the same amount made into First Asia Development Bank, Ltd., Port Vila, Republic of Vanuatu ("First Asia").[1]

Some six months after executing the trust agreement, TCB sought to resign as trustee. When Western Star rejected its resignation, TCB filed an interpleader and declaratory judgment action ("Original Action") in federal court seeking (1) a declaration that its duties as trustee had concluded as of September 4, 1993, and (2) the deposit of the CD into the registry of the court. In February, 1994, the State of Florida intervened in this action, concerned that the actual trust corpus was not in TCB's hands and seeking to be substituted as trustee in TCB's place. On May 6, 1994, counsel for Western Star notified the other parties that the CD had been canceled and First Asia had dissolved.

Thereafter the parties entered into a stipulated resolution of the action. On May 23, 1994, the court entered an order ("May 23

---

[1]The face of the CD states that "Ameritrust ... has lodged a deposit in the amount of ... dollars five million and four hundred thousand only." Notwithstanding TCB's assertion that the CD was the sole asset of the trust, the trust agreement recites that "[Western Star] has transferred to [Ameritrust] cash in U.S. currency, Letters of Credit, Readily Marketable Securities, or any combination thereof, valued at a total of not less than the Trust fund Minimum Amount ...."

Order") stating in part that:

> [TCB] has not drawn or asserted any claim against the [CD], that [TCB] has exercised due diligence as required by [the Trust Agreement] to determine the value of the [CD], but is unable to certify whether it has value or not, and [TCB] has accounted for all assets of the trust; the Court further finds and hereby DECLARES, that [TCB's] resignation as trustee was effective as of September 4, 1993, and accordingly, [TCB] is released and discharged from all duties under the [Trust Agreement].

The following day, the court granted Western Star's unopposed motion to dismiss the Original Action as moot, given the CD had been canceled ("May 24 Order"). When the court denied the State of Florida's motion to clarify the May 24 Order, the State of Florida appealed; the Fifth Circuit denied its motion to clarify, stating that "the court's order of May 23, 1994, discharging Ameritrust as trustee is affirmed. Also, the district court's order of May 24, 1994, dismissing as moot the interpleader count of the petition is also affirmed."

While the motion for clarification was pending before the Fifth Circuit, the Florida Department of Insurance, Division of Rehabilitation and Liquidation ("Receiver"), was appointed receiver for Western Star and a receivership action was commenced in Florida state court. In December, 1994, Receiver sent Ameritrust a demand notice for turnover to Receiver of $5.4 million in trust assets.

On October 8, 1996, TCB requested a preliminary injunction from a federal district court, seeking to enjoin Receiver from prosecuting its claims against TCB in Florida state court, or, alternatively, seeking a declaration that Receiver had no claims

3

against TCB regarding its transaction with Western Star. In November, 1996, Receiver filed a separate action against TCB, also in state court, alleging TCB had committed fraud while trustee ("fraud action"). TCB then sought to enjoin the fraud action.[2] The district court denied the preliminary injunction as to both claims, and TCB appeals.

## APPLICABILITY OF RELITIGATION EXCEPTION TO RECEIVERSHIP ACTION

The district court found that the Anti-Injunction Act, 28 U.S.C. § 2283,[3] precluded the issuance of a preliminary injunction. Specifically, the court found the third exception (the "relitigation exception") in the Act inapplicable. TCB argues that, evidenced by the court's May 23 Order, the Original Action "actually litigated" all issues in the receivership action. The district court disagreed, finding that its May 23 and 24 Orders did not purport to discharge TCB from *liability* as trustee, and that the Orders (together with the Fifth Circuit affirmance) did not "actually litigate" all the claims of malfeasance subsequently brought by Receiver. The district court further found that, even if the relitigation exception were applicable, issuance of the

_____

[2] Receiver's fraud action was not served on TCB until after TCB filed its action for preliminary injunction. TCB later removed the fraud claims to federal court.

[3] The Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

4

injunction was in any case not appropriate: Florida courts were perfectly capable of determining the *res judicata* effect of the May 23 and 24 Orders.

TCB characterizes the receivership action as merely attempting to recover the trust corpus. Because TCB claims the May 23 Order established that it had already returned all trust assets, TCB maintains that allowing the receivership action to proceed thus amounts to a "relitigation" of the Original Action. Receiver contends that the receivership action is brought, not only to recover trust assets, but also "specifically on behalf of" Western Star's insureds. Receiver characterizes the receivership action as including claims against TCB for "liability for representations made to issuers of insurance policies." The receivership action is not a relitigation of the Original Action, according to Receiver, because (1) Receiver had not been appointed at the time of the Original Action; (2) the policy holders' claims had not yet matured; and, (3) the May 24 Order dismissed the interpleader action as moot, since the CD had been canceled.

Resolution of this issue turns on the proper characterization of both the Original Action and the subsequent receivership action. In deciding whether the relitigation exception applies, a court must ask whether "the claims or issues which the federal injunction [would] insulate[] from litigation in state proceedings *actually have been decided* by the federal court." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 148 (1988)(emphasis added). Thus, the inquiry here is whether the federal court, in the Original Action, actually

decided the claims or issues sought to be litigated by Receiver in the receivership action.

The May 23 and 24 Orders in the Original Action are somewhat ambiguous. While the May 23 Order stated that TCB "has accounted for all assets of the trust," the May 24 Order dismissed the interpleader count as moot. The Fifth Circuit, denying Florida's motion for clarification, affirmed *both* Orders. The district court relied on the Fifth Circuit affirmance and construed its two Orders to mean that "Ameritrust was discharged as trustee, and the interpleader count of the Original Action Complaint was dismissed as moot." We review these legal conclusions underlying the refusal to grant a preliminary injunction *de novo*. See <u>Concerned Women for America, Inc. v. Lafayette County</u>, 883 F.2d 32, 34 (5th Cir. 1989).

We find that the Original Action merely dismissed TCB as trustee and did not "actually litigate" anything regarding the trust assets given the dismissal of the interpleader action as moot. Therefore, the relitigation exception does not apply.

### APPLICABILITY OF RELITIGATION EXCEPTION TO FRAUD CLAIM

TCB asserts that, although Receiver's fraud claims were not "actually litigated" in the Original Action, they are nonetheless barred by *res judicata* and should be enjoined. Thus, TCB asks this Court to recognize that the relitigation exception to the Anti-Injunction Act applies equally to claims that *could have been* raised before the federal court, but were not in fact litigated there. TCB contends that there is a conflict in Fifth Circuit jurisprudence on this issue. <u>Compare</u> <u>Deus v. Allstate Ins. Co.</u>, 15

6

F.3d 506, 524-25 (5th Cir. 1994), with Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 879-80 (5th Cir. 1991).

Contrary to TCB's contentions, however, the Supreme Court in Chick Kam Choo emphasized that claims must be actually litigated in federal court to qualify for the relitigation exception. Chick Kam Choo, 486 U.S. at 148.[4] Chick Kam Choo has been interpreted by commentators Wright, Miller and Cooper as requiring a narrow reading of the relitigation exception:

> There can be no federal injunction against state proceedings, based on the claim-preclusive or issue-preclusive effect of a federal judgment, unless the judgment has actually decided the claim or issue in question. The prerequisite to reliance on the third exception is strict and narrow. It requires an assessment of the precise state of the record and of what the earlier federal order actually did.

Wright, Miller & Cooper, Federal Practice & Procedure § 4226 (Supp. 1997). We perceive no intra circuit conflict on this question. While Deus implied that *res judicata* might trigger the relitigation exception, that language was purely dicta. See Deus, 15 F.3d at 524-525. Following the Supreme Court's explicit direction in Chick Kam Choo, we hold that an issue must be "actually litigated" in federal court before an injunction can issue under the relitigation exception. Therefore, the Anti-Injunction Act bars an injunction on the fraud claims, since they were not actually litigated in the

---

[4]*Res judicata* and collateral estoppel may underlie the relitigation exception but they are not actually found in the text of the Act. Thus, contrary to TCB's contention, a finding that the exception does not encompass the full parameters of *res judicata* would not "in essence, read *res judicata* entirely out of the statute."

Original Action.

**SOVEREIGN IMMUNITY**

The State of Florida contends that it is entitled to Eleventh Amendment immunity from TCB's proposed injunction. TCB takes the position that its "Application for Preliminary Injunction is only directed against the Florida Department of Insurance in its capacity as receiver for [Western Star]." Likewise, the Receiver agrees that the "sovereign State of Florida is not a party to the Florida actions Texas Commerce sought to enjoin." The State of Florida's role (in its capacity as *regulator*) in this litigation was limited to its intervention in the Original Action, where it sought appointment as substitute trustee. We find that the State of Florida, in its sovereign capacity as *regulator*, is not a proper party to this litigation, and therefore dismiss the State of Florida from this litigation.

**CONCLUSION**

The state of Florida, in its capacity as regulator is dismissed. The district court' denial of preliminary injunction is affirmed.

AFFIRMED. State of Florida DISMISSED.