Anthony HATCHER, and Stephanie Hatcher, Plaintiffs–Appellants,

v.

AVIS RENT–A–CAR SYSTEM, INCORPORATED, a Michigan corporation, and Dan Hale, jointly and severally, Defendants–Appellees.

No. 96–2527.

United States Court of Appeals, Sixth Circuit.

Argued April 29, 1998.

Decided Aug. 10, 1998.

Phillip D. Frederick (argued and briefed), Detroit, Michigan, for Plaintiffs–Appellants.

Joseph J. Shannon (argued and briefed), Jaffe, Raitt, Heuer & Weiss, Detroit, Michigan, for Defendants–Appellees.

Before: MERRITT, JONES, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Plaintiff Anthony Hatcher is the former owner and operator of a car rental agency. When defendant Avis Rent–A–Car System, Inc., terminated his agency agreement, plaintiffs sued Avis and its regional vice president, Dan Hale, alleging that defendants breached the agency agreement. The parties ultimately settled their differences, resulting in the filing in district court of a consent judgment in favor of plaintiffs, for $3,000. When plaintiffs then proceeded in state court against Avis and seven of its employees, the district court granted Avis' request for an order permanently enjoining the state court action. Plaintiffs now appeal that ruling. Because the injunction granted by the district court is impermissibly broad under the Anti–Injunction Act, 28 U.S.C. § 2283, we remand the matter to the district court.

## I.

Plaintiff Anthony Hatcher and Avis entered into a car rental agency agreement in 1990. Judging by plaintiffs' pleadings, over the course of the three-year period that Anthony Hatcher operated the agency, he experienced a good deal of adversity. Plaintiffs contend that the agency was not listed on Avis' central reservation system, Avis mis-

quoted rental rates to potential customers, the agency was sent uncleaned rental cars or cars in poor physical condition, the agency was required to operate in a deteriorating facility, commissions were delayed, and the agency was not reimbursed for costs. Plaintiff Stephanie Hatcher alleges that she suffered from a loss of consortium. On April 23, 1993, Anthony Hatcher informed defendant that he was bankrupt and that he was being admitted to the hospital.[1] Avis terminated the agency agreement pursuant to a provision in the agreement calling for immediate termination if the agency operator becomes insolvent or ceases to conduct business at the location.

On January 7, 1994, plaintiffs filed an action in Wayne County Circuit Court against defendants alleging five causes of action arising out of the formation and termination of the agreement. Defendants removed the action to the United States District Court for the Eastern District of Michigan based upon diversity of citizenship. After a lengthy period of discovery, the district court granted summary judgment to defendants on some of the claims. When plaintiffs changed attorneys, the court permitted them to amend their complaint in order to add additional claims.

The court then granted defendants' request for summary judgment on all the remaining claims except one for reimbursement of expenses said to be due under the agreement. At the urging of the court, the parties entered into a consent judgment whereby Avis agreed to pay plaintiffs $3,000.

Plaintiffs filed a second action in Wayne County Circuit Court, this time naming as defendants Avis and seven Avis employees.[2] This second action was based upon the same factual assertions and allegations that had been made in the complaints before the federal district court. The state court complaint named Avis as a defendant, but in place of defendant Hale substituted seven other Avis employees.

Avis asked the federal district court to enjoin the state court action and to enforce the district court's judgment. On October 1, 1996, the court conducted a hearing and issued the injunction sought by Avis. In addition, the district court ordered plaintiffs to pay Avis the sum of $5,000 for attorney fees and costs. Plaintiffs now appeal the district court's order.

## II.

■■■ The appeal requires us to revisit the constraints under which a federal court operates when considering a request to enjoin state court proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, generally acts to bar a federal court from granting such a stay. According to the Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In adopting the Act, Congress sought to avoid "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977). By its own language, however, the Act does not entirely bar federal courts from enjoining state court proceedings. Rather, the Act enumerates three narrow exceptions to its otherwise blanket prohibition. The exceptions were designed to "ensure the effectiveness and supremacy of federal law," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), but are narrow in their application and "should not be enlarged by loose statutory construction." *Atlantic Coast Line R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

■■■ In this matter, we concern ourselves only with the third exception to the Act,

---

1. He was later diagnosed as suffering from depression.

2. This second complaint was filed on April 23, 1996, nearly two weeks prior to the date that the parties entered into the consent judgment. According to Avis, both it and the district court were unaware on the date the consent judgment was signed that this second action had been filed by plaintiffs.

commonly referred to as the "relitigation exception." This exception authorizes a federal court to enjoin state court proceedings where that is necessary "to protect or effectuate its judgments." As the Supreme Court has explained, "[t]he relitigation exception was designed to permit a federal court to prevent litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo,* 486 U.S. at 147, 108 S.Ct. 1684.

■■■ While the relitigation exception is "founded" upon the concept of res judicata, the exception applies only as necessary to protect or effectuate a federal court judgment, and thus is not the equivalent of res judicata. Under the doctrine of res judicata, an issue which was or *should have been litigated* in a prior action cannot be raised in a subsequent action. In contrast, "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings *actually have been decided by the federal court.*" *Chick Kam Choo,* 486 U.S. at 148, 108 S.Ct. 1684 (emphasis added). Because the relitigation exception does not encompass the full parameters of res judicata, a federal court cannot enjoin the bringing in state court of claims that could have been raised in a prior federal action but were not in fact litigated there. *See American Town Ctr. v. Hall 83 Associates,* 912 F.2d 104, 112 n. 2 (6th Cir.1990); *see also Texas Commerce Bank Nat'l Assoc. v. Florida,* 138 F.3d 179, 182 (5th Cir.1998).

Towards the conclusion of the hearing regarding defendants' request for a permanent injunction, the district court noted that:

> 28 U.S.C. § 2283 is a statute that I thought I would probably never use in my career as a Judge, especially coming from the state court, but I think this particular case screams that I use that particular statute. I've had an opportunity to review this [state court] matter. I think it's the identical matter that was before me sub-

stantively, procedurally, every other way.... The case in the state court overlaps—Avis would have never, since we were at the threshold of trial, ... agreed to pay anything. Part of the reason they did was to just get it over with and not have multiplicity of lawsuits and be before different forums at different times. I think 28 U.S.C. § 2283 screams out for my permanent injunctive relief in this matter.

■■■ Whether the district court's injunction falls within the permissible limits of the Anti–Injunction Act is a question of law and we therefore review the matter de novo. We begin by parsing the district court record to determine what exactly was decided in the federal court action. In the federal action, all the allegations raised in the original and amended complaints were aimed at Avis either directly or indirectly through respondeat superior liability. Though Hale was also named as a defendant in that action, Avis was the primary defendant and the undisputed target. In the subsequent state court action, plaintiffs alleged that they were subjected to the same unlawful acts mentioned in the federal court action, but substituted in place of Avis the name of the Avis employee who allegedly committed each individual act. While Avis is included as a defendant, it was named only in counts four and five. The other counts are premised upon behavior by the Avis employees named.

Given the resolution of the prior federal action and the striking similarities between the state and federal actions, including the conduct complained of in each, it is apparent that the district court correctly concluded that the claims made against Avis in the state action actually had been decided by the federal court. Accordingly, because the district court did not err when it ruled that the relitigation exception could be utilized to prevent plaintiffs from bringing their state claims against Avis,[3] we affirm the district court's order to the extent that it applies to any claim that Avis is liable to plaintiffs, either directly or vicariously as a result of the conduct of its employees.

---

**3.** The order also properly protected Hale, although Hale was not named in the state court action.

However, plaintiffs also assert in the state action claims against seven Avis employees. Since these individuals were not named in the federal court action, no claim against them was actually decided by the federal court. To the extent that the district court's order barred the state court from considering those claims, it is too broad. Since it appears that plaintiffs could have brought these claims against the seven employees in the prior federal action, one could, of course, argue that the doctrine of res judicata bars the claims being brought against them in state court. Nevertheless, that is a matter for the state court, as it is fully competent and able to determine the res judicata effects of the district court's prior judgment.

Finally, we note that the district court also awarded Avis attorney fees and costs of $5,000. In light of our having affirmed the district court's order insofar as it protected Avis from the subsequent litigation, we need not disturb the district court's award.

### III.

Accordingly, the order of the district court is **affirmed in part** and **vacated in part**, and this cause is **remanded** to the district court in order that it may enter an order drawn more narrowly, in conformity with this opinion.