IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40974
_____


DENNIS R. SHEDD,

Plaintiff-Appellant,

versus

BROWN WATER MARINE SERVICE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. C-99-CV-115)
_____

June 5, 2000

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for the following reason.

The attorney for the plaintiff stated to the court at the pretrial conference that the

only claim being made was liability of the defendant for negligence per se under the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Jones Act. The court clarified the claim to that effect by order. By an amended pleading the plaintiff cited statutes but did not change the claim. The plaintiff stated in response to the motion to dismiss or for summary judgment that the amended complaint was filed because "it was necessary to amend Plaintiff's Original Complaint to include specific violations of statutes."

The law of the Fifth Circuit is clear that OSHA regulations do not apply to Jones Act seamen on their vessels. Mallard Bay Drilling, Inc. v. Herman, — F.3d —, No. 99-60124 (5th Cir. 2000); Donovan v. Texaco, Inc., 720 F.2d 825 (5th Cir. 1983). In Mallard Bay, we rejected any distinction between inspected and uninspected vessels.

The plaintiff's pleading and affidavit state and raise no issue of the defendant's negligence per se.

The defendant's request for injunction and sanctions is denied for the reason that defendant does not show that the plaintiff's state suit is only a relitigation of the present suit as is here decided. The relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, applies only to claims actually litigated in the federal suit. Texas Commerce Bank Nat'l Ass'n v. Florida, 138 F.3d 179, 182 (5th Cir. 1998).

AFFIRMED. Injunction and Sanctions DENIED.