**J. Randolph LIPSCOMB; et al., Plaintiffs,**

v.

**The COLUMBUS MUNICIPAL SEPARATE SCHOOL DISTRICT; et al., Defendants.**

**No. 1:92CV20–D–D.**

United States District Court, N.D. Mississippi, Eastern Division.

March 4, 2002.

Joseph Randolph Lipscomb, Joseph Randolph Lipscomb, Attorney, Columbus, MS, Luther T. Munford, Phelps Dunbar, Jackson, MS, Thomas G. Wallace, Thomas G. Wallace & Associates, Columbus, MS, for plaintiffs.

Frank D. Montague, Jr., Montague, Pittman & Varnado, Hattiesburg, MS, Thomas G. Wallace, Thomas G. Wallace & Associates, Columbus, MS, P. Roger Googe, Jr., Gerald W. McWhorter, Alan M. Purdie, Wilson H. Carroll, Mississippi Attorney General's Office, Jackson, MS, Dion J. Shanley, Hickman Goza & Spragins, PLLC, Ridgeland, MS, for defendants.

## OPINION DENYING MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion for preliminary and permanent injunctive relief pursuant to 28 U.S.C. § 2283 (The Anti–Injunction Act) and Rule 65 of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that the motion should be denied.

### A. Factual and Procedural Background

This case's factual background and the history behind Mississippi's sixteenth-section lands have already been well documented. *See, e.g., Lipscomb v. Columbus Mun. Separate Sch. Dist.,* 269 F.3d 494, 498–99 (5th Cir.2001).[1] In order to avoid needless repetition, the court shall briefly recite only the facts most relevant to this litigation in its current posture.

In 1890, Mississippi ratified its current constitution. Section 95 of Mississippi's 1890 constitution prohibits the donation of

state lands to private parties. *See* Miss. Const. of 1890, art. 4, § 95 ("Lands belonging to, or under the control of the state, shall never be donated directly or indirectly, to private corporations or individuals, or to railroad companies."). In 1989, the Mississippi Supreme Court held that Section 95's non-donation principle prohibits leases or sales of State land, including leases of sixteenth-section lands, for grossly inadequate consideration. *Hill v. Thompson,* 564 So.2d 1, 9 (Miss.1989).

Apparently relying on *Hill,* the State and individual school boards began asserting that existing sixteenth-section leases for nominal consideration were void and due to be renegotiated. The president of the local school board in Columbus followed suit and announced in 1990 that the Columbus sixteenth-section leases, most of which are to this day being leased for pennies per year, were also invalid and would have to be renegotiated. This announcement came in spite of the fact that the Columbus sixteenth-section leases were unique because they contained "renewable forever" provisions that were signed before the ratification of the 1890 Mississippi Constitution.

Various Columbus leaseholders responded by filing suit in the Chancery Court of Lowndes County, Mississippi, seeking confirmations of title. That suit was subsequently voluntarily dismissed by the Plaintiffs, and the instant suit was filed in federal court on January 24, 1992. In this federal declaratory judgment action, the Plaintiffs sought two forms of relief: (i) to certify a class of leaseholders; and (ii) a declaration that the State's threatened action to void the leases and

---

1. In short, before Mississippi became a state, the United States Congress set aside the sixteenth section of every township in the Mississippi Territory to be used for the benefit of public schools. Upon granting statehood to Mississippi in 1817, Congress gave the six-teenth-section land to the new state for the benefit of its schools. Thereafter, the Mississippi legislature authorized the leasing of the school lands, the proceeds of which would finance public schools.

renegotiate would violate the Contract Clause of the United States Constitution. The Plaintiffs' claims seeking confirmations of title were abandoned.

The court certified the class of leaseholders, but then abstained under the *Pullman* and *Burford* doctrines. *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, No. 1:92CV20–S–D, 1996 WL 671715, at *3–*4 (N.D.Miss. July 23, 1996). The United States Court of Appeals for the Fifth Circuit subsequently reversed the court's ruling on abstention and remanded. *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 145 F.3d 238, 240–42 (5th Cir.1998). Upon remand, the court redefined the class and granted summary judgment in favor of the Plaintiffs. *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 88 F.Supp.2d 640 (N.D.Miss.2000). On October 3, 2001, the Fifth Circuit affirmed the court's ruling, and remanded the case "for further proceedings including any necessary resolution of disputes over the entitlement of individual class members to the relief ... affirmed by this court." *Lipscomb*, 269 F.3d at 514. Thereafter, on December 3, 2001, the State filed four separate lawsuits in the Chancery Court of Lowndes County seeking to confirm the State's title to the four subject parcels of sixteenth-section property and remove any clouds on the State's title.

The Plaintiffs have now moved for preliminary and permanent injunctive relief in this court, primarily seeking to enjoin the State from: (i) relitigating, in state court, issues which have been decided by this court and the Fifth Circuit Court of Appeals; and (ii) from litigating, in state court, issues committed to this court on remand by the Fifth Circuit's latest *Lipscomb* opinion and mandate.

### B. Standard for Injunctive Relief

 The Anti–Injunction Act, with limited exceptions, generally proscribes a federal court from issuing injunctions to prevent a state court from proceeding: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2001).

 Any injunction against state court proceedings must be based on one of section 2283's specific statutory exceptions if it is to be upheld. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).[2] Section 2283's statutory exceptions are narrow and are not to be enlarged by loose statutory construction nor by judicial improvisation. *Chick Kam Choo*, 486 U.S. at 146, 108 S.Ct. 1684; *Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 514, 75 S.Ct. 452, 454, 99 L.Ed. 600 (1955). Further, under section 2283, the presumption is that state courts are the best arbiters of state court jurisdiction; thus, state proceedings should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error—if any—to come through the state appellate courts or the United States Supreme

---

**2.** The Fifth Circuit's venerable four-part standard for the issuance of a preliminary injunction, found in *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974), is subsumed within the Anti–Injunction Act analysis. *See, e.g., Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988); *Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 488 (5th Cir.2000); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 448 (5th Cir.2000). Accordingly, in analyzing the Plaintiffs' motion, the court shall utilize the Fifth Circuit's various Anti–Injunction Act tests and factors, and not the *Canal Authority* factors. *See, e.g., New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 386–88 (5th Cir. 2000).

Court. *Atlantic Coast Line*, 398 U.S. at 287, 90 S.Ct. 1739. Thus, "any doubts are to be resolved in favor of allowing the state court action to proceed." *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir.1988) (en banc).

The Plaintiffs assert that they are entitled to relief under two of the Anti–Injunction Act's exceptions: (i) that an injunction is required in aid of this court's jurisdiction; and (ii) that an injunction is necessary to protect and effectuate the judgments previously entered in this cause.

For the reasons set forth below, the court finds that the Plaintiffs' motion should be denied. Accordingly, the court holds that the Anti–Injunction Act precludes the issuance of an injunction in this cause.

### C. Discussion

#### 1. The Anti–Injunction Act's "In Aid of Jurisdiction" Exception

The Anti–Injunction Act's second exception provides that a federal court may not enjoin proceedings in a state court except "where necessary in aid of its jurisdiction." 28 U.S.C. § 2283 (2001). This exception is known as the "in aid of jurisdiction" exception.

 This exception is designed to "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line*, 398 U.S. at 295, 90 S.Ct. 1739. The Fifth Circuit has construed this exception extremely narrowly, holding that a threat to the federal court's jurisdiction exists only where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case. *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*,

960 F.2d 1286, 1298–99 (5th Cir.1992); *see Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 (5th Cir.1990) (holding that exception only applies to *in rem* actions). This exception cannot be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's previous rulings. *Texas v. United States*, 837 F.2d 184, 186 (5th Cir.1988). The Plaintiffs assert that they are entitled to an injunction based on this exception, presumably due to their unstated contention that the four state court actions filed by the State potentially threaten this court's continuing superintendence of the federal class action members' claims.

The court finds, however, that due to the nature of the State's claims in the Lowndes County Chancery Court, that court poses no threat to this court's continuing jurisdiction over the federal class action members' claims.

The State, as plaintiff in the four Chancery Court lawsuits at issue, essentially seeks to have the Lowndes County Chancery Court confirm the title of the State of Mississippi to the subject parcels of sixteenth-section property and remove any clouds on the State's title. No such claims were raised in this federal litigation, nor are any such claims currently pending before this court. *See Lipscomb*, 269 F.3d at 501 ("Lipscomb did originally seek to quiet title, but he abandoned that claim. His amended complaint seeks only a declaration that the invalidation of the price terms of the leases is prohibited by the Contract Clause of the Constitution."). Thus, based upon the nature of the State's claims in the Lowndes County Chancery Court, there is no danger that the Chancery Court will so interfere with this court's consideration or disposition of this case as to seriously impair this court's flexibility and authority to decide this case. Accordingly, the court

finds that the "in aid of jurisdiction" exception to the Anti–Injunction Act does not apply.

### 2. The Anti–Injunction Act's Relitigation Exception

The Anti–Injunction Act's third exception provides that a federal court may not enjoin proceedings in a state court except "to protect or effectuate its judgments." 28 U.S.C. § 2283 (2001). This exception is commonly known as the "relitigation" exception.

█ The Fifth Circuit has set forth a four-part test to determine whether the relitigation exception applies to preclude litigation of a claim in state court:

(1) the parties in the later state action must be identical to, or at least in privity with, the parties in a prior federal action;

(2) the judgment in the prior action must have been rendered by a court of competent jurisdiction;

(3) the prior action must have concluded with a final judgment on the merits; and

(4) the same claim or cause of action must be involved in both suits.

*Regions Bank,* 224 F.3d at 488.

The relitigation exception was designed to permit a federal court to prevent state court litigation of an issue that previously was presented to and decided by the federal court. *Chick Kam Choo,* 486 U.S. at 147, 108 S.Ct. 1684. Accordingly, the relitigation exception requires that the claims or issues that the federal injunction is to insulate from litigation in state proceedings "actually have been decided by the federal court." *Chick Kam Choo,* 486 U.S. at 140, 108 S.Ct. 1684; *Texas Commerce Bank Nat'l Ass'n v. State of Florida,* 138 F.3d 179, 182 (5th Cir.1998). In determining which issues have been "actually decided," the emphasis is on the record and on what the earlier federal courts' orders ac-

tually held, not on this court's *post hoc* judgment as to what the previous orders were intended to hold. *Chick Kam Choo,* 486 U.S. at 148, 108 S.Ct. 1684; *see Texas Commerce Bank,* 138 F.3d at 182. Any doubt as to whether the prior federal orders preclude subsequent claims must be resolved in favor of allowing the state court to proceed, and "the fact that an injunction may issue under the Anti–Injunction Act does not mean that it must issue." *Chick Kam Choo,* 486 U.S. at 151, 108 S.Ct. 1684; *Royal Ins. Co.,* 960 F.2d at 1294. Thus, the inquiry here is whether the claims sought to be litigated by the State in the Lowndes County Chancery Court have already actually been decided by the federal courts that have issued orders in this class action litigation.

█ In following the Supreme Court's ruling in *Chick Kam Choo* that only those issues that have been actually litigated in federal court may be insulated from subsequent litigation in state court, the Fifth Circuit has held that district courts are to use a transactional test in determining whether the claims presented to a state court involve claims that have been previously decided by a federal court. *New York Life,* 203 F.3d at 387. Under this test, the primary question is not the relief requested or the theory asserted in the state court lawsuit, but whether the state court lawsuit and the federal lawsuit are based on the "same nucleus of operative facts" and whether the same key facts are at issue in both lawsuits. *Id.*

In *New York Life,* the Fifth Circuit found that the relitigation exception applied, and permitted the issuance of an injunction, when the same key factual issue—whether the plaintiff's decedent had committed suicide or died as the result of an accident—was of paramount importance in both the federal litigation and the subsequent state lawsuit; indeed, that issue was

the sole relevant issue in both lawsuits. *New York Life,* 203 F.3d at 387. And, the federal court had plainly decided that issue prior to the state court lawsuit being filed. *See id.* at 388 ("The 1995 federal judgment determined that [the decedent's] death was the result of a suicide."). Accordingly, the Fifth Circuit, in striving to follow *Chick Kam Choo,* held that the issue concerning the decedent's cause of death had "actually been decided by the federal court" so as to render an injunction appropriate pursuant to the relitigation exception; indeed, it was clear that the state court plaintiff could win her state court lawsuit only if she convinced the state court that the prior federal judgment was in error. *Id.* at 387.

■■■■ Here, no such potential conflict exists between this court and the state court. In the Lowndes County Chancery Court, the State is essentially seeking to have its title in the subject parcels confirmed and any clouds on its title removed; the federal litigation involves no such claims. *Lipscomb,* 269 F.3d at 501. Further, it does not appear that the State can win its state court lawsuits only if it convinces the Chancery Court that any prior federal judgments entered in this cause are in error. While this court's judgment held that the class members' leases are renewable at their original terms, that judgment explicitly held that the leases that have been forfeited are excluded from that ruling. *Lipscomb,* 88 F.Supp.2d at 646.[3] Accordingly, a ruling by the Chancery Court that leases to the four parcels at issue in the state lawsuits are not re-

newable because they have been forfeited would not conflict in any way with this court's judgment. In addition, although this court's judgment stated that the "leases properly allow redemption by the previous lessee after a tax sale, because notice and an opportunity to redeem are required before a 99–year renewable-forever lease may be forfeited," the issues of whether any previous leaseholders were denied the opportunity to redeem, or whether the State is entitled to a confirmation of title in the four subject parcels, was not before the federal courts in this litigation and thus was not "actually decided" by the federal courts. As a result, unlike the situation in *New York Life,* the state and federal lawsuits here do not involve the same key factual issue, and the court cannot discern that any potential conflict exists between any rulings the Chancery Court may make and the federal courts' prior rulings in this litigation.

The court finds, therefore, that the relitigation exception is not applicable in this case. The same claim or cause of action is not involved in these state and federal lawsuits, the claims sought to be litigated by the State in the Lowndes County Chancery Court have not already actually been decided by the federal courts in this litigation, and the state court lawsuits and the federal lawsuit are not based on the "same nucleus of operative facts" nor are the same key facts at issue.

### D. Conclusion

In sum, the court finds that none of the Anti–Injunction Act's exceptions apply,

---

**3.** In addition, on March 22, 2000, the court entered an order recertifying and redefining the class in this matter to exclude "those lessees with a post–1890 unredeemed tax sale in their chain of title." *See Lipscomb v. Columbus Mun. Separate Sch. Dist.,* 88 F.Supp.2d 640 (N.D.Miss.2000) (order redefining class). Accordingly, lessees with such tax sales in their chain of title are not members of the class and are not entitled to class

relief. In its state court complaints, the State asserts that the four sets of state court Defendants all have unredeemed tax sales in their respective chains of title, rendering the state court Defendants outside the scope of the class. Based on the evidence before the court, the court agrees. It appears that the state court Defendants are not members of the class, and are not entitled to the relief granted by this court.

and the Act precludes the issuance of an injunction. Accordingly, the Plaintiffs' motion for injunctive relief shall be denied.

A separate order in accordance with this opinion shall issue this day.