J. Randolph LIPSCOMB;
et al. Plaintiffs

v.

The COLUMBUS MUNICIPAL SEPARATE SCHOOL DISTRICT;
et al. Defendants

No. 1:92CV20–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

May 23, 2002.

Hunter M. Gholson, Gholson, Hicks & Nichols, Joseph Randolph Lipscomb, Columbus, MS, Luther T. Munford, Phelps Dunbar, Jackson, MS, Thomas G. Wallace, Thomas G. Wallace & Associates, Columbus, MS, for Plaintiffs.

Frank D. Montague, Montague, Pittman & Varnado, Hattiesburg, MS, Thomas G. Wallace, Thomas G. Wallace & Associates, Columbus, MS, P. Roger Googe,

Jr., Gerald W. McWhorter, Alan M. Purdie, Wilson H. Carroll, Mississippi Attorney General's Office, Jackson, MS, Dion J. Shanley, Hickman Goza & Spragins, PLLC, Ridgeland, MS, Felicia C. Adams, William C. Martin, U.S. Attorney's Office, Oxford, MS, for Defendants.

## OPINION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion for summary judgment on remand. Upon due consideration, the court finds that the motion should be granted in part and denied in part. The motion shall be granted as to the Plaintiffs' claim that whether the Mayor and City Council for the City of Columbus were the proper lessees of the Columbus sixteenth-section leases cannot affect the validity of those leases. The motion shall also be granted as to the Plaintiffs' assertion that one of the four leases the State has challenged in state court, specifically the lease held by the Mayor and City Council for the City of Columbus, is in fact within the class of leaseholders entitled to the class relief previously granted by this court. The motion shall be denied in all other respects.

### A. Factual and Procedural Background

This case's factual background and the history behind Mississippi's sixteenth-section lands has already been well documented. *See, e.g., Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 269 F.3d 494, 498–99 (5th Cir.2001).[1] In order to avoid needless repetition, the court shall briefly recite

---

1. In short, before Mississippi became a state, the United States Congress set aside the sixteenth section of every township in the Mississippi Territory to be used for the benefit of public schools. Upon granting statehood to Mississippi in 1817, Congress gave the six- teenth-section land to the new state for the benefit of its schools. Thereafter, the Mississippi legislature authorized the leasing of the school lands, the proceeds of which would finance public schools.

only the facts most relevant to this litigation in its current posture.

In 1890, Mississippi ratified its current constitution. Section 95 of Mississippi's 1890 constitution prohibits the donation of state lands to private parties. *See* Miss. Const. of 1890, art. 4, § 95 ("Lands belonging to, or under the control of the state, shall never be donated directly or indirectly, to private corporations or individuals, or to railroad companies."). In 1989, the Mississippi Supreme Court held that Section 95's non-donation principle prohibits leases or sales of State land, including leases of sixteenth-section lands, for grossly inadequate consideration. *Hill v. Thompson*, 564 So.2d 1, 9 (Miss.1989).

Apparently relying on *Hill*, the State and individual school boards began asserting that existing sixteenth-section leases for nominal consideration were void and due to be renegotiated. The president of the local school board in Columbus followed suit and announced in 1990 that the Columbus sixteenth-section leases, most of which are to this day being leased for pennies per year, were also invalid and would have to be renegotiated. This announcement came in spite of the fact that the Columbus sixteenth-section leases were unique because they contained "renewable forever" provisions that were signed before the ratification of the 1890 Mississippi Constitution.

Various Columbus leaseholders responded by filing suit in the Chancery Court of Lowndes County, Mississippi, seeking confirmations of title. That suit was subsequently voluntarily dismissed by the Plaintiffs, and the instant suit was filed in federal court on January 24, 1992. In this federal declaratory judgment action, the Plaintiffs sought two forms of relief: (i) to certify a class of leaseholders; and (ii) a declaration that the State's threatened action to void the leases and renegotiate would violate the Contract Clause of the United States Constitution. The Plaintiffs' claims seeking confirmations of title were abandoned.

The court certified the class of leaseholders, but then abstained under the *Pullman* and *Burford* doctrines. *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, No. 1:92CV20–S–D, 1996 WL 671715, at *3–*4 (N.D.Miss. July 23, 1996). The United States Court of Appeals for the Fifth Circuit subsequently reversed the court's ruling on abstention and remanded. *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 145 F.3d 238, 240–42 (5th Cir.1998). Upon remand, the court redefined the class and granted summary judgment in favor of the Plaintiffs. *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 88 F.Supp.2d 640 (N.D.Miss.2000). On October 3, 2001, the Fifth Circuit affirmed the court's ruling, and remanded the case "for further proceedings including any necessary resolution of disputes over the entitlement of individual class members to the relief ... affirmed by this court." *Lipscomb*, 269 F.3d at 514. The United States Supreme Court subsequently denied the Defendant's Petition for writ of certiorari. *See Clark v. Lipscomb*, —— U.S. ——, 122 S.Ct. 1541, 152 L.Ed.2d 467 (2002).

Thereafter, on December 3, 2001, the State filed four separate lawsuits in the Chancery Court of Lowndes County, seeking to confirm the State's title to four parcels of sixteenth-section property that were apparently not within the federal class due to unredeemed tax sales, and to remove any clouds on the State's title to the four parcels. The Plaintiffs then moved for preliminary and permanent injunctive relief in this court, seeking to enjoin the State from relitigating issues which have been decided by this court and the Fifth Circuit Court of Appeals and from litigating issues committed to this

court on remand by the Fifth Circuit's most recent *Lipscomb* opinion and mandate. The court denied the Plaintiffs' motion on March 4, 2002. *Lipscomb v. Columbus Mun. Separate Sch. Dist.,* 191 F.Supp.2d 736 (N.D.Miss.2002).

The Plaintiffs then filed the present motion for summary judgment on remand on March 18, 2002, seeking a declaration from the court that:

(1) the Mayor and City Council of Columbus were the proper lessees of the subject sixteenth-section leases or, in the alternative, whether the Mayor and City Council were the proper lessees cannot affect the validity of the leases;

(2) the four leases currently being challenged by the State in the Chancery Court of Lowndes County are within the class of leaseholders entitled to the relief previously granted by this court; and

(3) the State is barred from bringing any further challenges to Columbus sixteenth-section leases on the grounds that the leases have been forfeited through a tax sale.

Briefing in this matter was concluded on May 16, 2002, and the court is ready to rule.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to

the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by mere allegations or denials. Fed.R.Civ.P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### C. Discussion

#### 1. Sixteenth–Section Lease Validity

It is axiomatic that the leaseholds held by the class members in this litigation are "renewable leases and may be renewed on August 1, 2019, upon the same covenants unless the lease has been or is subsequently forfeited for failure to comply with the terms of the lease." *Lipscomb,* 88 F.Supp.2d at 646. Likewise, it is clear that "the contracts clause of the U.S. Constitution, Article I, Section 10, Clause 1, protects the Columbus sixteenth-section lease covenants from impairment under subsequent state law." *Id.; see also Lipscomb,* 269 F.3d at 514 ("voiding the Columbus school land leases would violate the Contract Clause"). Despite these re-

peated rulings by this court and the Fifth Circuit, the Defendant apparently continues to argue that all of the Columbus sixteenth-section leases are invalid because they were renewed in 1920 by the Mayor and City Council of Columbus, and not by the Lowndes County Board of Supervisors. In light of this, the Plaintiffs now seek an entry of summary judgment holding that the Mayor and City Council of Columbus were in fact the proper lessees of the Columbus sixteenth-section land or, in the alternative, whether they were the proper lessees cannot affect the validity of the leases.

■ The law of the case doctrine generally precludes reexamination of issues of law or fact actually or necessarily decided by the appellate court on appeal. *See Alpha/Omega Ins. Services, Inc. v. Prudential Ins. Co. of America*, 272 F.3d 276, 279 (5th Cir.2001) ("[E]ven when issues have not been expressly addressed in a prior decision, if those matters were 'fully briefed to the appellate court and were necessary predicates to the [court's] ability to address the issue or issues specifically discussed, [those issues] are deemed to have been decided tacitly or implicitly, and their disposition is law of the case.' ").

■ Here, the issue of whether all of the Columbus sixteenth-section leases are invalid because they were renewed in 1920 by the Mayor and City Council of Columbus—instead of by the Lowndes County Board of Supervisors—has been continually argued and fully briefed by the Defendants, and continually necessarily and effectively denied by this court and the Fifth Circuit. If this court or the Fifth Circuit found any merit to the Defendants' arguments concerning this issue, the leases would have been deemed invalid long ago.

They were not. The law of the case doctrine, therefore, precludes reexamination of this issue.

Accordingly, the court finds that whether the Mayor and City Council of Columbus were the proper lessees in 1920 cannot affect the validity of the Columbus sixteenth-section leases. As such, the Plaintiffs are entitled to judgment as a matter of law on this issue, and this portion of their motion for summary judgment on remand shall be granted.

### 2. Tax Sales

The Plaintiffs state that the sixteenth-section lease currently held by the Mayor and City Council for the City of Columbus, which is one of the four parcels of sixteenth-section property that are the subject of separate lawsuits in the Chancery Court of Lowndes County, is actually within the class of leaseholders entitled to the relief granted by this court. For the following reasons, the court agrees.

■ The sixteenth-section land located at Square Number 11 North on Main Street in Columbus, which is leased by the Mayor and City Council of Columbus, was subject to a tax sale on April 6, 1936. Such a tax sale, if unredeemed, would exclude this property from the federal class entitled to the relief granted by this court.[2] The undisputed evidence presently before the court, however, indicates that the State of Mississippi cancelled the tax sale on August 10, 1938. This action effectively redeemed the tax sale in favor of the leaseholder Mayor and City Council and places this parcel within the federal class of leaseholders, thereby affording this parcel the relief previously granted by this court. *See, e.g., Adams v. Mills*, 71 Miss. 150, 14

---

**2.** On March 22, 2000, the court entered an order recertifying and redefining the class in this matter to exclude "those lessees with a post–1890 unredeemed tax sale in their chain

of title." *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 88 F.Supp.2d 640 (N.D.Miss. 2000) (order recertifying and redefining class).

So. 462 (1893) (stating that cancelling of tax deed destroys deed as muniment of title). Accordingly, the Plaintiffs' motion for summary judgment on remand shall be granted as to this parcel of property.

As to the three remaining parcels that are the subject of lawsuits in the Chancery Court of Lowndes County, however, the court finds that the Plaintiffs have failed to show that they are entitled to judgment as a matter of law. Accordingly, the Plaintiffs' motion for summary judgment on remand shall be denied as to these parcels of property.

3. Further Challenges by the State

Finally, the Plaintiffs seek to have the court bar the State from bringing additional future challenges to any Columbus sixteenth-section leases on the ground that the lease has been forfeited through a tax sale. This is the precise relief the Plaintiffs sought in their previous motion for preliminary and permanent injunction, which was denied by this court on March 4, 2002. *See Lipscomb,* 191 F.Supp.2d at 742–43. For the reasons stated in the court's opinion initially denying this relief, the court finds that this portion of the Plaintiffs' motion for summary judgment should be denied. *Id.*

#### D. Conclusion

In sum, the court finds that the Plaintiffs' motion for summary judgment on remand should be granted in part and denied in part. The motion shall be granted as to the Plaintiffs' assertion that whether the Mayor and City Council for the City of Columbus were the proper lessees of the subject sixteenth-section leases cannot affect the validity of those leases. The motion shall also be granted as to the Plaintiffs' assertion that one of the four leases the State has challenged in state court, specifically the lease held by the Mayor and City Council for the City of Columbus, is in fact within the class of leaseholders entitled to the class relief pre-

viously granted by this court. The motion shall be denied in all other respects.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' motion for summary judgment on remand (docket entry 236) is GRANTED IN PART and DENIED IN PART;

(2) the motion is GRANTED as to the issue of whether the Mayor and City Council for the City of Columbus were the proper lessees of the subject sixteenth-section leases cannot affect the validity of those leases;

(3) the motion is GRANTED as to the Plaintiffs' assertion that the lease held by the Mayor and City Council for the City of Columbus is within the class of leaseholders entitled to the class relief previously granted by this court; and

(4) the motion is denied in all other respects.

All memoranda, depositions, declarations, and other materials considered by the court in ruling on these motions are hereby incorporated into and made a part of the record in this action.